[L. A. No. 11627. In Bank.—November 29, 1929.]

THERESA BROWNING, Appellant, v. GEORGE B. BROWNING, Respondent.

A. W. Sorenson, Margaret E. Faires and Hubert T. Morrow for Appellant.

W. I. Gilbert and O'Melveny, Tuller & Myers for Respondent.

RICHARDS, J.—The respondent herein moved for an order dismissing the appeal in this case upon the ground that the plaintiff and appellant had voluntarily accepted and received the benefits of the judgment and orders appealed from, and having done so cannot challenge any portion of the judgment and orders upon this appeal. The respondent also, in the event of the denial of said motion, presents certain other alternative motions, the grounds for which will be hereafter stated.

This action was instituted by the plaintiff to obtain a divorce from the defendant upon certain enumerated grounds of cruelty as set forth in her complaint. She alleged that there was as issue of said marriage one child of the age of six years, which was in her custody. As an incident to the action for divorce the plaintiff sets forth in her complaint the fact of the existence of a large amount of community property consisting of both real and personal property. She then proceeds to allege that on or about June 30, 1927, about three months before the commencement of her action for divorce, an agreement had been entered into between herself and the defendant for the settlement of the property interests of the parties, and which included an

agreement regarding the custody of their minor child, and that in pursuance of said agreement the defendant executed to the plaintiff a promissory note for the sum of $50,000 and also gave to plaintiff the sum of $5,000 in cash, and which said document and money she agreed to accept and take as her sole and separate estate and in consideration thereof to release and surrender her community interest in the remaining properties of the parties. In a contemporaneous writing it was agreed that the custody of the minor child should be and remain with the wife during its minority except that the husband might at stated times have the temporary custody of said child. The plaintiff alleges that the foregoing property settlement between the parties was procured by the defendant through fraud, undue influence and menace and through the withholding by the defendant of certain facts with relation to the amount and value of the community property and other certain alleged false representations with regard to the same. The plaintiff alleges that she has rescinded said agreement and offered to restore whatever she has received thereunder, and she prays that the marriage between the parties be dissolved, that the plaintiff be awarded the custody of the minor child, and that the court shall set aside and declare null and void the foregoing agreements and that it determine the property rights of the parties in and to the community property, that the plaintiff be allowed alimony in the sum of $600 a month for the support of herself and the minor child, together with attorney's fees and costs of suit. The defendant filed his answer, admitting the marriage between the parties, but denying specifically the averments of plaintiff's complaint with respect to her alleged cause of divorce. The defendant also admits the making and existence of said marriage settlement, but denies that the same was procured through any fraud, overreaching or misrepresentations upon his part or of any misunderstanding on the part of the plaintiff as to the scope and effect of the agreement. He prays in his answer that plaintiff take nothing by her complaint. He also, however, presents and files a cross-complaint alleging cruelty on the part of the plaintiff, and further alleging that the plaintiff is not a fit and proper person to have the custody of the minor child, but that the cross-complainant is such a fit and proper person. He therefore prays that the

bonds of matrimony existing between the parties be dissolved, that he be awarded the care, custody and control of the minor child, and that otherwise the property settlement between the parties be confirmed. The plaintiff responded with an answer to said cross-complaint, denying the averments thereof and praying that the relief asked for by the cross-complainant be refused. Thereafter the plaintiff filed a supplemental complaint setting forth averments of the alleged improper acts occurring between the defendant and another woman subsequent to the filing of her original complaint and constituting additional grounds of cruelty. To this supplemental complaint the defendant filed an answer denying the averments thereof. The cause came on for trial before the court sitting without a jury upon the issues as thus framed, and the cause having been submitted for decision the court made its findings of fact and conclusions of law wherein it found in the plaintiff's favor upon her alleged grounds of divorce and against the defendant upon his cross-complaint for divorce. Upon the incidental issues as to the existence of the property settlement agreement between the parties the trial court made its findings against the plaintiff and upheld the agreement. Upon the issue as to the custody and best interests of the minor child the trial court found that neither of the parties was an unfit person to have the custody of said child, but that the best interests of the child would be subserved by having the custody of the child remain with the mother, with the right of visitation and temporary custody from time to time preserved to the father. As conclusions of law from the foregoing findings of fact the trial court found that the plaintiff was entitled to an interlocutory decree of divorce upon the grounds stated in her complaint and directed the entry of an interlocutory decree in her favor. As to the custody of the minor child the court by a supplementary decree directed that the plaintiff should have the custody of the minor child until further order of the court, with the exception that the defendant at certain stated times and periods was to have the exclusive custody of said child. With respect to the support of the plaintiff and the minor child subsequent to the granting of said decree the trial court upheld the provisions of the property settlement between the parties in these respects. Finally, the trial court

directed that the defendant pay to the plaintiff, or her attorneys, counsel fees in said action in the sum of $2,000 payable at the rate of $250 per month until the whole amount thereof should be paid. By a later order the trial court modified in some respects its prior orders respecting the custody and care of the minor child. The foregoing interlocutory decree was made and entered on the 20th of June, 1928.

Thereafter and in due time the plaintiff moved the court for a new trial upon the issues in said action other than those relating to the right of the plaintiff to a judgment of divorce, and also in connection therewith applied for leave to file an amended complaint touching the issues affecting the validity of the property settlement between the parties and the custody of the minor child. The trial court granted the plaintiff's motion for a new trial upon the foregoing restricted issues and permitted the amended complaint to be filed, and the defendant having thereafter filed his answer denying the allegations thereof the cause was again submitted to the court for decision, whereupon, on January 24, 1929, the trial court made and entered its further findings of fact and conclusions of law wherein and whereby it confirmed its prior judgment awarding the plaintiff a divorce and also reaffirming its former decision upholding the property settlement between the parties, and also in the main upholding its former judgment and orders with relation to the custody of the minor child. With respect to the matter of costs and counsel fees the trial court modified its former judgment and order so as to provide that the plaintiff should have and recover her costs expended in said action in the sum of $150, and should be allowed attorney's fees in the sum of $1,250, payable at the rate of $175 per month, and that the plaintiff should be further allowed the sum of $25 per month to be used exclusively for the support of the minor child. The court entered its judgment accordingly, on January 24, 1929.

The plaintiff took the present appeal from said latter judgment and from the whole thereof excepting the portion relating to the interlocutory decree of divorce made and entered in her favor in said action. The respondent on June 27, 1929, filed and served a notice of motion to dismiss the plaintiff's foregoing appeal upon the grounds stated in

the motion as hereinabove set forth, and in support thereof presented his affidavit setting forth that since the entry of the judgment from a portion whereof the plaintiff has taken this appeal she has received from the defendant from time to time the sums of money, the monthly payment of which was provided for in the property settlement agreement, the validity of which she assailed in her several complaints filed herein, praying for the cancellation thereof, and which property settlement and the judgment of the trial court upholding the same she is still assailing upon this appeal. The respondent's affidavit further sets forth that the plaintiff has received and accepted the sum of $150 directed by the judgment to be paid to her on account of costs and that the respondent has further paid to the plaintiff, or to her attorneys, the sums specified in said judgment to be paid monthly on account of attorneys' fees. In response to said motion the plaintiff has filed a counter-affidavit setting forth that as to the interlocutory decree in said action in so far as she was thereby granted a divorce from the defendant no appeal has been taken therefrom and that the time for taking said appeal or for making any attack upon said interlocutory decree has expired.

The plaintiff further deposes that during the pendency of said action in the trial court and prior to the trial and determination thereof the defendant, upon an order to show cause, was directed to pay to the plaintiff for the support of herself and of said minor child the sum of $350 per month until further order of the court, and that whatever sums were received from the defendant either prior to or subsequent to the making and entry of the interlocutory judgment herein have been necessary for and have been used by the plaintiff for the support and maintenance of herself and of said minor child, and that during all of said time she has had no other means of support, and the plaintiff further avers that whether upon the present appeal the portion of the judgment appealed from shall be reversed, modified or affirmed, she would have been entitled to all moneys received by her from the defendant as necessary for her support and for the maintenance of said minor child, and hence that the acceptance of whatever sums of money which she has been paid by the defendant and which have been by her devoted to the support of herself

and her minor child cannot be held to constitute any sufficient reason for the dismissal of her present appeal. The plaintiff further in her affidavit sets forth that whatever sums of money she has received from the defendant for her costs in said action or for her attorney's fees therein have been such sums as defendant would have been required to pay upon the granting of the decree of divorce in her favor and whether or not the portion of the judgment herein appealed from should be affirmed, modified or reversed upon this appeal. To the plaintiff's foregoing affidavit the respondent has presented a counter-affidavit setting up with more of detail the monthly payments and the amount thereof which the respondent claims to have made in accordance with the property settlement and the judgment approving the same which are assailed by the plaintiff upon this appeal.

With respect to the respondent's motion to dismiss this appeal upon the foregoing grounds, we are of the opinion that it is without merit and that the same should be denied. It is true, as the respondent sets forth and sufficiently shows upon his said motion, that the respondent has made to the plaintiff certain monthly payments in accordance with the terms of the property settlement between the parties, and also in accordance with the terms of the judgment of the trial court upholding the same and from the portion of which judgment so doing the plaintiff is prosecuting this appeal. But it is also true that the parties to this action were, prior to the entry of the interlocutory decree of the trial court dissolving their union, husband and wife. It is also admittedly true that that portion of the judgment of the trial court dissolving their union was in the plaintiff's favor and that she was thereby granted a divorce from the defendant upon the ground of extreme cruelty and that said judgment, no appeal having been taken therefrom, has become final. It follows that at all times both before and after the entry of the said interlocutory decree the plaintiff was entitled to receive as the monthly sums for her support and maintenance and for the support and maintenance of the minor child so long as the same remained in her custody an adequate amount of money corresponding to the financial condition of the parties to this action. The fact that the parties prior to the institution of the plain-

tiff's action for divorce saw fit to enter into a property agreement intended to define the amount and value of the community estate and to determine what portion thereof the wife would thereafter be entitled to receive and hold as her separate property and to devote to the support and maintenance of herself and her minor child could not be held, whether valid or invalid, to take away from the wife her primary right to be supported out of the community estate of the parties whether rightly or wrongfully defined by the terms of said property settlement.

This being so it would seem to follow that the receipt by the wife of whatever sums of money she is shown to have received under the terms of said judgment cannot be held to defeat her right to maintain this her appeal from such portions of the judgment as she is dissatisfied with, since even if her appeal should be unavailing she would still have been entitled to receive from the defendant the monthly sums of money which she is shown to have received and to have devoted to the support of herself and her minor child.

It is only in cases where an appellant is shown to have received and accepted advantages from a judgment to which such appellant would not be entitled in the event of a reversal of the judgment that her acceptance thereof has been held to operate to defeat the appeal. This case in some of its aspects is similar to that of *Locke Paddon* v. *Locke Paddon*, 194 Cal. 73 [227 Pac. 715], wherein the right of a wife to maintain an action to rescind a property settlement upon the ground of fraud was held not to have been defeated by the fact that she had received under said agreement certain sums of money which she had applied to her living expenses and which under the law relating to husband and wife she would have been entitled to so receive and so apply notwithstanding said agreement. The cases of *Storke* v. *Storke*, 132 Cal. 349 [64 Pac. 578], and *McCaleb* v. *McCaleb*, 32 Cal. App. 648 [163 Pac. 1045], upon which the respondent relies in support of his motion have no application to the facts of the case at bar, since in each of these cases the very question at issue upon the appeal was as to whether or not the appellant was entitled to a divorce at all, and hence, of course, entitled to the sums of money which had been paid her, but to which she would have no right

in the event of a denial of a divorce. In so far as the respondent's motion is made to rest upon his payments to the appellant of the amounts respectively awarded for costs and counsel fees upon the successful issue of her action for divorce it would seem clear that the payment of these sums of money to the appellant could have no bearing upon her right to appeal from that portion of the judgment which denied her equitable relief from the property settlement, since as to that portion of the judgment the allowance of counsel fees and costs has no relation. Having been granted a divorce the plaintiff was entitled to an award of her counsel fees and costs and to the collection thereof, since the judgment in that regard has not been appealed from and has become a finality. It is obvious that in making the award of counsel fees and costs to the plaintiff the trial court was confining the same to that portion of its judgment which was in the plaintiff's favor and in respect to which such allowances might be lawfully made, and that the trial court was making no allowance, and could have made none, to the plaintiff or her counsel for the maintenance of that incidental portion of said action with respect to which it denied the plaintiff any relief. We therefore find no merit in the respondent's motion to dismiss said appeal upon the foregoing grounds and it is hereby denied.

 Respondent has made what he has chosen to call an alternative motion for an order dismissing the appeal of the plaintiff herein in so far as said appeal relates in any manner to the custody of the minor child upon the ground that the plaintiff has accepted the benefits of the judgment and order of the trial court in so far as they purport to award the custody of the minor child to her during the major portion of the time, and that therefore her purported appeal from that portion of the judgment and order which awards to the defendant the custody of the minor child for a limited portion of time should be dismissed. We perceive no merit in the respondent's motion to dismiss the plaintiff's appeal upon the ground last above set forth. The plaintiff had the custody of the minor child at all times prior to the institution of said action, during the pendency thereof, during the trial and since the trial and

during the time thus far occupied by the appeal. It is conceded that she is a proper person to have the custody of the child and, in fact, the custody thereof was for the major period awarded to her by the judgment and order of the trial court. By said judgment and order the respondent was permitted to have the custody of the child for limited and precisely defined periods. It is that portion of the judgment and order which the plaintiff has seen fit to include in this appeal. The fact that she has in the meantime retained the child's custody could furnish no reason why this court should, upon the respondent's motion, dismiss plaintiff's main appeal. The effect of her taking the appeal from the foregoing part of said judgment and order was to stay all proceedings thereon and hence was to leave in the custody of the plaintiff the minor child, in whose custody the child had ever been. Whether the respondent would have any remedy in the trial court for the situation of which he complains we do not deem it necessary to decide, although, upon this motion the respondent frankly concedes that the application for relief should properly have been made in the trial court. But the fact that the trial court disagreed with the respondent in this regard can furnish no reason for seeking relief in this court in the form of a motion to dismiss the plaintiff's appeal, and his motion upon that ground should also be and the same is denied.

The respondent has presented another so-called alternative motion in the form of a direct application to this court for an order directing and requiring the plaintiff to turn over and deliver the custody of said minor child to the respondent during the times and periods specified in the judgment and order of the trial court and pending the determination of this appeal. It is perfectly apparent, however, that this court could make no such order in advance of the determination of this portion of the plaintiff's appeal upon the merits thereof, since the very relief which the respondent is seeking to have the court apply is the relief to which the respondent shall be entitled only upon the affirmance of the judgment as to that portion thereof affecting the custody of the minor child, the correctness of which is involved in the hearing and determination upon its merits of this branch of the appellant's said appeal. It follows that the re-

spondent's motion for this form of alternative relief should also be and the same is denied.

Shenk, J., Seawell, J., Preston, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices present concurred.