[S. F. No. 15376. In Bank.—July 30, 1935.]

IVA GILBERTSON FOSTER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Walter F. Haas, Stanley F. Maurscth and G. E. Kerrin for Petitioner.

Everett W. Mattoon, County Counsel, D. De Coster, Chief Deputy County Counsel, Fred M. Cross, Deputy County Counsel, Gurney E. Newlin and Michael G. Luddy for Respondents.

PRESTON, J.—Proceeding in prohibition.

The action sought to be prohibited concerns the custody of an infant born in 1927 and known as Whitney Foster, the adopted son of petitioner and her former husband, John Morrell Foster. These spouses were divorced in March, 1933, by the court of Minnehaha County, South Dakota, and the custody of the child was divided between them as follows: to the wife from June 1st to September 1st and to the husband for the remaining portions of each year.

Petitioner has established a residence in California; the husband has kept his residence in South Dakota. During the period of 1934 when the infant was lawfully in petitioner's custody, to wit: on August 29th of said year, she instituted in respondent court an action against her said former husband whereby she sought the exclusive custody of the child. In said action the husband defended by answer and cross-complaint, praying himself for full-time custody of the child. The cause came on for trial on November 20, 1934, and was heard over a considerable period. On December 12, 1934, the court filed therein a memorandum opinion holding that the terms of the South Dakota decree should be adopted without modification. No final judgment has yet been entered. After filing its written opinion and on December 14th the court gave an order continuing the temporary custody with petitioner pending entry of final judgment and for a

period of ten days thereafter. Later and on December 20th the court so modified this order as to award the custody of the child to defendant husband as of December 27, 1934, except that he was required to keep the child in California until ten days after entry of final judgment in the action. Now said defendant husband has moved to vacate all existing orders purporting to give temporary custody of said child to petitioner. Petitioner avers that the court intends to vacate all said orders and to give both temporary and full custody of said child to defendant with express authority to remove him out of the state and beyond the reach of process of the court. The truth of this averment seems to be conceded.

Said threatened action by the court has caused a great deal of maneuvering by the respective parties, by petitioner to retain and by the husband to regain temporary custody of the child. The theory upon which each is acting is that if petitioner (plaintiff in said cause) has temporary custody when judgment is entered, her custody, upon appeal or appeal and writ of *supersedeas,* will continue throughout the period elapsing before a final judgment of this court is had on the merits; likewise, if custody is transferred to the husband (defendant in said cause), it will not be disturbed by an appeal by plaintiff and meanwhile he may remove the child from this jurisdiction to South Dakota.

It seems clear that an order which so disturbs the custody of the child as to permit him to be taken beyond the operation of process of the courts of California, pending final determination of the cause involving his custody, would be an act in excess of jurisdiction. It also seems to be an act in excess of jurisdiction to announce a decision and then withhold entry of judgment for the purpose of shifting the temporary custody of the child to the husband, thereby aborting the fruits of a successful appeal or the operation of a writ of *supersedeas.* (See *Weintraub* v. *Superior Court,* 91 Cal. App. 763, 768 [267 Pac. 733].) This observation is not intended in anywise to reflect upon the learned trial judge, who obviously is trying to discharge his duties conscientiously. He took proper action by making said order of December 14th extending the award of temporary custody of the child to petitioner but later practically nullified it.

Let the writ of prohibition issue restraining the Superior Court of the State of California in and for the County of

Los Angeles, and the Honorable Lewis Howell Smith, as Judge thereof, from making or ordering the execution of any judgment or decree which shall have the effect of placing said infant, Whitney Foster, beyond the operation of process of the court prior to the final determination of the action entitled *"Iva Gilbertson Foster, Petitioner,* v. *John Morrell Foster, Defendant"*, numbered D-124603, which involves his custody.

Shenk, J., Seawell, J., Thompson, J., Langdon, J., and Waste, C. J., concurred.