[L. A. No. 15528. In Bank.—March 24, 1936.]

IVA GILBERTSON FOSTER, Appellant, v. JOHN MORRELL FOSTER, Respondent.

Haas, Johnston, Maurseth & Kerrin and Walter F. Haas for Appellant.

Gurney E. Newlin and Michael G. Luddy for Respondent.

CURTIS, J.—Petitioner seeks a writ of *supersedeas* to stay the enforcement of a judgment of the Superior Court of Los Angeles County. The facts out of which this proceeding arose are as follows: Iva Gilbertson Foster, petitioner herein, and John Morrell Foster were divorced in March, 1933, by the court of Minnehaha County, South Dakota, and the custody of their adopted son, Whitney Foster, was awarded to each of them with the provision that he should remain with his father nine months of each year from September 10th to June 10th and with his mother for three months from June 10th to September 10th. While in the custody of Mrs. Foster, the child who is now nine years of age, was brought with the consent of the South Dakota court to California, where his mother has established her residence at Beverly Hills. The father has maintained his residence in South Dakota. On August 24, 1934, while the child was lawfully in petitioner's custody, she instituted proceedings in the Superior Court of Los Angeles County whereby she sought the exclusive custody of the child upon the ground that he was not strong physically and that to permit him to live for nine months of each year in the rigorous climate of South Dakota would undermine his health. Foster resisted the claims and demands of petitioner, and by cross-complaint sought the sole custody of the boy. During the pendency of the action an order granting the temporary custody of the child to the mother was made by the court. On December 12, 1934, the trial judge filed a memorandum opinion. He stated that comity required him to give full faith and credit to the South Dakota decree, subject to the exception that the welfare of the child was the first consideration; that, however, petitioner had failed to sustain the burden upon her of proving changed conditions or that the health of the child necessitated the overruling of said decree. The court, therefore, ordered that the child remain in the custody of John Morrell Foster for nine months each year and in the custody of the mother three months each year in accordance with said South Dakota decree. On December 14th the trial court granted a ten-day stay of execution on the judgment and ordered that the child remain in the temporary custody of the mother during that period. Foster then moved the trial court for an order granting him custody of the child to become effective December 27, 1934. The motion was argued

December 20th, at which time the trial judge expressed the view that he should grant the motion. Nevertheless, the judge continued argument on the motion to December 28, 1934. On December 21, 1934, Foster served notice that on December 28, 1934, he would move the court to set aside all previous orders as to custody and to have the custody of the child awarded to him. On December 23, 1934, petitioner sought a writ of prohibition in the District Court of Appeal, Second Appellate District, Division Two, seeking to retain custody of the minor pending determination of her appeal from said judgment upon the ground that if Foster obtained custody of the child, he could remove him to South Dakota, in which event petitioner's appeal from the judgment would be ineffective. The District Court of Appeal refused to grant said writ upon the ground that said court would not entertain a petition for a writ affecting a pending proceeding which was appealable directly to the Supreme Court. (*Foster* v. *Superior Court*, 4 Cal. App. (2d) 466 [41 Pac. (2d) 187].) Thereupon application for said writ was made to the Supreme Court, and on July 30, 1935, a writ of prohibition was issued out of this court restraining the Superior Court of Los Angeles County and the judge thereof from making or ordering the execution of any judgment or decree "which shall have the effect of placing said infant, Whitney Foster, beyond the operation of process of the court prior to the final determination of the action . . . " (*Foster* v. *Superior Court*, 4 Cal. (2d) 125. [47 Pac. (2d) 701].) No further order respecting the temporary custody of the minor was made, but judgment was rendered on September 5, 1935, in which judgment the court ordered that petitioner be required "to forthwith deliver to defendant and cross-complainant the minor child, Whitney Foster, and that the defendant have the custody, control and possession of said minor child, Whitney Foster, in accordance with the terms and conditions of the decree of the circuit court in and for the county of Minnehaha, in the Second Judicial Circuit, State of South Dakota". The judgment further provided that, "Nothing herein contained shall have the effect of placing, or shall place, Whitney Foster beyond the operation of the process of the courts of the State of California prior to the final determination of this action." From this judgment petitioner appealed.

■ On September 16, 1935, application was made to this court for a writ of *supersedeas* to stay the enforcement of said judgment. We are of the opinion that no necessity exists for the issuance of said writ, and for this reason, the application therefor should be denied. Both in the return of respondent to the alternative writ of *supersedeas* and upon oral argument, respondent argued that no writ should issue for the reason that a perfected appeal in an action for the custody of a child automatically constitutes a stay of proceedings and precludes a trial court from interfering with custody as it existed at the time of appeal. (Sec. 949, Code Civ. Proc.; *Ex parte Queirolo*, 119 Cal. 635 [51 Pac. 956] ; *Vosburg* v. *Vosburg*, 137 Cal. 493 [70 Pac. 473] ; *Browning* v. *Browning*, 208 Cal. 518, 527 [282 Pac. 503].) With this argument we agree. The authorities so hold. It necessarily follows, we think, from the fact that at the date of the entry of the judgment, the petitioner was legally entitled to the custody of said minor under the order granting her temporary custody, and the fact that the stay of proceedings pending appeal has the legitimate effect of keeping the subject thereof in the condition in which it was when the stay of proceedings was granted, that petitioner is entitled to retain the custody of the said minor until the final determination of the appeal from the judgment. (*In re Dupes*, 31 Cal. App. 698 [161 Pac. 276].)

No allegation is made that the trial court has issued or threatened to issue any writ to aid in the enforcement of said judgment. In the absence of any such attempt by the trial court, a writ of *supersedeas* will not lie. (*In re Imperial Water Co.*, 199 Cal. 556 [250 Pac. 394].)

For the reason above stated, the petition is denied, and the alternative writ heretofore issued is discharged.

Seawell, J., Thompson, J., Shenk, J., Langdon, J., and Waste, C. J., concurred.