[Civ. No. 7994.   Third Dist.   May 8, 1951.]

ESTHER COPELAND, Appellant, v. C. H. RABING et al., Respondents.

R. H. Schwab and Carl Kuchman for Appellant.

Jacka & Frasse for Respondents.

PEEK, J.—This is a motion to dismiss an appeal on the ground that appellant is estopped from prosecuting the same by virtue of having accepted payment of $3,027.72 in satisfaction of the judgment in her favor.

The original complaint stated three causes of action, of which only the latter two are involved in this proceeding. By the second cause of action plaintiff sought to have canceled and set aside her deed to respondents executed on October 30, 1947, conveying all of her right, title and interest in certain realty then held by her and respondents as joint tenants, on the ground that the grant was induced by respondents' fraudulent misrepresentations. A motion for a nonsuit was granted as to this second cause of action. The third cause of action was for an accounting of the profits of the operation of the real property, a ranch, for the years 1946, 1947, 1948 and 1949. As to this cause the court found $2,939.52 to be due and owing to appellant, and judgment was entered in that amount. It is the acceptance of this sum and the filing of a satisfaction of judgment therefor, which respondents now contend bars appellant's appeal from the order granting the motion for nonsuit as to the second cause of action.

The general rule is that a party who has accepted the benefits of a judgment is precluded from prosecuting an appeal therefrom, since the two courses of action are totally inconsistent. (*Estate of Ayers*, 175 Cal. 187 [165 P. 528] ; *Schubert v. Reich*, 36 Cal.2d 298 [223 P.2d 242].) A limitation is placed on this rule, however, i. e., in those cases where a reversal of the judgment or order appealed from cannot affect the right of the party to the benefit he has already secured.

The present case well illustrates the exception. Here distinct causes of action were joined in one complaint and there was a judgment in favor of plaintiff on only one of them, the benefit of which she accepted. She then appealed—not from that part of the judgment in her favor (the third

cause of action)—but from the order denying her motion for a new trial which affected only the second cause of action. Appellant's right to an accounting of the profit from the operation of the property for the years 1946 and 1947 will not be affected by the setting aside of her deed of October 30, 1947, should such relief be granted upon the final disposition of her appeal. Whatever the rights of the respective parties may be as to the profits from the operation of the ranch for the subsequent years, that should be properly determined in a separate proceeding for an accounting for the later period. (See *Browning* v. *Browning*, 208 Cal. 518 [282 P. 503] ; *Wold* v. *League of the Cross*, 107 Cal.App. 344 [290 P. 460].)

In *Weil* v. *Weil*, *(Cal.App.) [224 P.2d 460], the court stated:

". . . where an appellant's right to a benefit secured by a judgment will not be affected by a reversal of other parts of the judgment, his acceptance of such benefit will not act as a waiver of his appeal from the portions of the judgment with which he is dissatisfied."

The motion to dismiss is denied.

Adams, P. J., and Deirup, J. pro tem., concurred.

*A hearing in the Supreme Court was granted on December 6, 1950.