[Civ. No. 8032.   Third Dist.   Nov. 8, 1951.]

LEONARD W. ROYAT et al., Appellants, v. GEORGE ROBERTS et al., Respondents.

Morris M. Grupp for Appellants.

Samuel B. Stewart, Jr., G. D. Schilling, Charles E. Cooper and Christopher M. Jenks for Respondents.

VAN DYKE, J.—This is a motion to dismiss the appeal upon the ground that appellants have accepted the benefits of the judgment entered in their favor.   This requires an analysis of the pleadings, findings and judgment.

The appellants brought this action to recover possession of a tractor, and for damages resulting from the unlawful detention of said tractor by the defendants. Defendant Bank of America by its answer denied that appellants were entitled to the possession of the tractor; denied that it had taken possession of the property; and alleged that the tractor was "subject to a chattel mortgage dated July 22, 1946, by which all of said property was mortgaged to this defendant to secure a promissory note, also dated July 22, 1946, and all sums that might be thereafter advanced by this defendant to the mortgagor [defendant Roberts], all indebtednesses and obligations that might be thereafter incurred by the mortgagor to this defendant, . . .; and that the amount now due, owing and unpaid to this defendant and secured by said chattel mortgage is Three Thousand Five Hundred and Seventeen and 54/100 Dollars ($3,517.54), plus interest, costs, charges, and attorneys' fees." The answers of defendants Lawrence W. and George W. Roberts denied generally the allegations of the complaint.

The trial court found that defendants Roberts orally agreed to sell the tractor to the appellants on or about May 9, 1947; that said agreement provided for a total consideration of $9,500; that appellants paid the sum of $1,000 down, and took possession of the tractor; that the agreement provided for retention of title in the sellers until the entire purchase price was paid, and the right to retake possession upon default; that the defendant Bank of America at that time held a chattel mortgage on the tractor in the sum of $5,207.48; that appellants agreed to pay the balance of the purchase price by payments of all sums due the Bank of America under the chattel mortgage, and the remaining balance of the purchase price to defendants Roberts on or before the due date of the final payment under the chattel mortgage; that time was not of the essence under the agreement of sale; that defendants Roberts repossessed the tractor on December 13, 1948; that on the date of repossession the sum due the bank on the chattel mortgage was $327.08, and the unpaid balance on the purchase price, including the final installments owing to the bank, was $3,619.60; that prior to said date defendant Bank of America, with the consent of defendants Roberts, had accepted delinquent payments due under the loan secured by the chattel mortgage, and thereby defendants waived the right to retake possession of the tractor since no notice restoring a reasonable time in which to make payments had been given; that the damage for the detention of the tractor

by the defendants Roberts is $3,000; that the defendant Bank of America did not take possession of the tractor; that the defendants Roberts did not act as the agent of defendant Bank of America.

Judgment was entered for the appellants in accordance with the findings. On November 14, 1950, the appellants filed a notice of appeal from the judgment. The notice specified that the appeal was from the judgment and "from the whole of said judgment." The appellants regained possession of the tractor in December, 1950, by causing the issuance and levy of execution under the judgment entered in their favor.

Respondents contend that the repossession of the tractor by appellants constituted an acceptance of the benefits of the judgment, and serves as a bar to the prosecution of the appeal. We hold that repossession by the appellants does not bar the prosecution of the appeal.

As a general rule the acceptance of the benefits of a judgment is a bar to the prosecution of an appeal therefrom. The reason for this rule is that the two courses of action are legally inconsistent. (*Klebora* v. *Klebora,* 118 Cal.App. 613 [5 P.2d 965]; *Copeland* v. *Rabing,* 104 Cal.App.2d 98 [230 P.2d 649]; *Schubert* v. *Reich,* 36 Cal.2d 298 [223 P.2d 242].) However, the general rule is subject to several exceptions. Where reversal of a judgment cannot affect the right of an appellant to the benefit which he has received, he is not precluded from an appeal even though he has voluntarily accepted the amount awarded him. (*Browning* v. *Browning,* 208 Cal. 518, 524 [282 P. 503]; *Harrold* v. *Harrold,* 100 Cal. App.2d 601, 604 [224 P.2d 66].) Where the appellant seeks relief in addition to that given by the judgment in his favor there is no bar to the appeal. In *Maxwell Hardware Co.* v. *Foster,* 207 Cal. 167 [227 P. 327], the court stated at page 170: "A plaintiff may appeal from a judgment in his favor, when the amount of the judgment is less than the amount demanded and to which the plaintiff considered himself entitled. But in such a case the appeal is not from that part of the judgment in plaintiff's favor, but is from the provisions of the judgment denying him the full relief demanded." (See, also, *Estate of Hughes,* 80 Cal.App.2d 550, 554 [182 P.2d 253]; *Browning* v. *Browning, supra.*) "The law is settled that, where the only question on appeal is whether the recovery should be greater than that allowed by

the trial court, the acceptance of the amount adjudged due is not inconsistent with the claim that the judgment is not large enough and the appeal may be maintained.'' (*Clarke* v. *Angelus Memorial Assn.*, 14 Cal.App.2d 750, 752 [58 P.2d 974].)

Applying the above principles to the present case, the right to maintain the appeal is beyond question. The main assignments of error are that: (1) The trial court erred in failing to find that defendant Bank of America ''unlawfully asserted an interest in'' the tractor, and also erred in failing to render a judgment against the bank identical to that rendered against the Roberts, and, (2) The trial court's finding as to the unpaid balance on the purchase price is unsupported by the evidence, and that the evidence without contradiction shows a lesser amount than that found by the trial court. These contentions are for greater relief and are not inconsistent with the repossession of the tractor. And indeed the contentions rest upon the court's findings that appellants were unlawfully deprived of possession of the tractor. Should appellants prevail on appeal, the additional relief granted them would in no way affect that part of the judgment restoring possession of the tractor to them.

We are not unmindful of the fact that the notice of appeal states that the appeal is from the whole of the judgment. It would have been better procedure to specify that the appeal was from those parts of the judgment which did not give the relief to which appellants considered they were entitled. However, it is clear that the appeal is for additional relief and ''it will not be considered as an appeal from the judgment insofar as it is in his [appellant's] favor.'' (*Estate of Hughes, supra.*)

The motion is denied.

Adams, P. J., and Schottky, J. pro tem., concurred.