[Civ. No. 8140. Third Dist. Dec. 27, 1951.]

In re Dolores Lukasik, on Behalf of RONALD WILLIAM LUKASIK et al. DOLORES LUKASIK, Petitioner, v. THE SUPERIOR COURT OF MERCED COUNTY et al., Respondents.

James M. Thuesen and George C. Barrett for Petitioner.

Anderson & Peck for Respondents.

VAN DYKE, J.—William M. Lukasik and Dolores Lukasik are husband and wife and the parents of two minor children, Ronald William Lukasik and Kenneth Mathew Lukasik, who are 7 and 5 years of age. Heretofore Dolores filed suit for divorce against her husband William and a temporary order was made granting her the legal custody of the two children pending the further order of the court. Later the court granted her an interlocutory decree of divorce wherein the custody of the children was awarded to her. William took an appeal from the whole of that decree, which appeal is now pending in this court. Since the appeal was taken and upon petition of William, filed in the juvenile department of the respondent court, proceedings were taken by that court to have these

children made wards thereof. This court, in a habeas corpus proceeding instituted by Dolores, directed that the children, who had been, under process of the juvenile court, taken from Fresno County, the county of their residence, back into Merced County, be returned to their mother. (*In re Lukasik*, 105 Cal.App.2d 145 [232 P.2d 520].) Therein we held that the juvenile proceedings were within the exclusive jurisdiction of the Superior Court for Fresno County.

When this decision was announced, Veronica Lukasik, the paternal grandmother of the children, filed a petition in the respondent court for her appointment as guardian of the persons of said minors. Therein she alleged that they were residents of Fresno County; that they had no guardian of their persons legally appointed by will or otherwise; that they were in need of the care and attention of some fit and proper person; that the Merced County court in the divorce action had made its interlocutory decree awarding the custody and control of the minors to Dolores, their mother, and that she had them with her in the City of Fresno; that she had neglected them, failed to properly care for them and kept an unclean house; that she indulged in drinking parties in their presence until late and unusual hours at night; that she was often intoxicated and on more than one occasion had driven her automobile in a negligent and careless manner while the children were riding therein, and had been once charged with the crime of manslaughter as the result of the death of three persons arising out of an automobile accident in which she was involved while the children were in the car; that she had been cruel to them and unnecessarily inflicted inhuman punishment on them. From this she concluded that it was necessary that a guardian of the persons of the minors be appointed, recited that she was able and willing to provide a proper home for the children at LeGrand in Merced County and that the father, William, was filing with her petition his nomination of the petitioner as guardian. Acting under the provisions of the Probate Code, section 1442, the grandmother filed in the guardianship proceeding an affidavit restating, in the main part, the allegations of her petition, and declaring that the minors would be imperiled if allowed to remain in the custody of Dolores until a hearing could be had upon the guardianship petition. She asked that the court exercise its power to make temporary disposition of the minors' custody. The court thereupon issued its warrant of arrest directed to the sheriff of Merced County, ordering

that he forthwith take the minors from the custody of Dolores and place them in the custody of their grandmother. Apparently the probation officer, responsive to the order of this court, took the children and delivered them into the custody of their mother and the sheriff promptly, acting under the warrant of arrest, took them away from her and returned them to the grandmother in whose custody they had been.

Dolores has now petitioned this court again, asking that we prohibit further proceedings in the guardianship matter by the respondent court, and that we grant habeas corpus. She claims lack of jurisdiction in respondent court to entertain the guardianship proceeding, and therefore that the respondent court's order temporarily granting custody to the grandmother and ordering the arrest of the children by the Merced County sheriff so as to effectuate that temporary order were acts void for want of jurisdiction and that the children are unlawfully detained. This court issued an alternative writ of prohibition and granted the petition for writ of habeas corpus and both matters have been argued and submitted for decision. The appeal from the interlocutory divorce decree is still pending. The fundamental question to be answered in these proceedings is this: Where, in a divorce action between the parents of minors, a temporary order granting legal custody to the mother has been made, thereafter an interlocutory decree has been made which likewise grants custody to the mother, and an appeal has been taken therefrom, has the trial court, wherein the divorce action is pending, jurisdiction, through the appointment of a personal guardian, to affect the existing order as to custody of the minors during the pendency of the appeal?

Respondents rely upon *Greene* v. *Superior Court*, 37 Cal. 2d 307 [231 P.2d 821]. There the Supreme Court held that where by a final decree of divorce granted by the Superior Court of Santa Barbara County the custody of minors had been awarded to the mother who had thereafter remarried and established the residence of herself and the minors in San Francisco, the Superior Court for the City and County of San Francisco had no jurisdiction to appoint a guardian of the persons of said minors. The court said that ordinarily the superior court of the county of a minor's residence or temporary domicile had jurisdiction to appoint a guardian, but that since the Santa Barbara court had assumed and was exercising jurisdiction over the custody of the persons of the minors through its custody decree the San Francisco

court had no jurisdiction to appoint a guardian of the persons of those minors. The decision was based upon the rule that when two or more courts in this state have concurrent jurisdiction the court first assuming jurisdiction retains it to the exclusion of all other courts in which the action might have been initiated, the Supreme Court declaring that the rule was particularly apposite to prevent unseeming conflict between courts that might arise if they were free to make contradictory custody awards at the same time. The court pointed out that when a court had appointed a guardian and it was thereafter sought in another county to modify the right to custody so given, it had been generally held that in the interest of orderly administration of justice no other court had jurisdiction, either in habeas corpus or guardianship proceedings, to interfere with the existing guardian's custody so long as the guardianship continued; that the jurisdiction of the court which appointed the guardian was a continuing one, so that its jurisdiction remained and was exclusive. The court said it found no reason to hold that a continuing jurisdiction of a divorce court over its custody awards was not also a continuing and an exclusive jurisdiction, saying that a decree awarding custody to a parent claiming adversely to the other parent differed only in formal respects from a decree appointing one parent guardian of the person of the child, since the effect in either case was to confer upon the party appointed the care and custody thereof.

We do not, however, understand the Greene case to be controlling here. ■ It must be said in respect of the present proceedings that the jurisdiction of the respondent court in the divorce action insofar as the custody of the persons of the minors is concerned is to all intents and purposes as broad as would be the jurisdiction it might exercise in a proceeding for the appointment of a guardian of the persons of the same minors. In either proceeding it may award the custody of the minors to the father, to the mother, or to the grandmother or other person deemed suitable if neither of the parents is fit. (Prob. Code, § 1406, et seq.; 9 Cal.Jur. p. 783, § 132; *Newby* v. *Newby*, 55 Cal.App. 114 [202 P. 891].) The Greene case decided that under the rule governing conflicting jurisdictions the divorce court, though the minors no longer resided within its county, had exclusive jurisdiction in the matter of custody and no other court could exercise jurisdiction over that subject matter. But that does not answer the questions before us.

Since the jurisdiction of a divorce court in the matter of custody of minors is to all intents and purposes as broad as is the jurisdiction of a court in a guardianship proceeding, there would never seem to arise any necessity or convenience for the appointment of a guardian of the persons of minors whose custody was thus being adequately administered. However, petitioner, not being a party to the divorce action, seeks to enter upon the scene through the medium of a guardianship proceeding brought in the same court which has rendered its custody decrees in the divorce action. ■ She alleges the pendency of the divorce action, the making of the interlocutory decree, the appeal therefrom, and argues that the effect of that appeal is to suspend the jurisdiction of the court in the divorce action to make any order affecting the custody of the children while the appeal is pending. That the appeal does have such effect cannot be questioned. (*Foster* v. *Superior Court,* 4 Cal.2d 125 [47 P.2d 701] ; *Foster* v. *Foster,* 5 Cal.2d 669 [55 P.2d 1175] ; *Ritter* v. *Superior Court,* 99 Cal.App. 121 [278 P. 240] ; *Browning* v. *Browning,* 208 Cal. 518 [282 P. 503] ; see cases collected and discussed in 9 Cal.Jur. p. 799, § 141, and 5 Cal.Jur. 10-Year Supp. (1944 Rev.), p. 340, § 141.) In short, notwithstanding the respondent court in the divorce action has by its temporary order determined that the mother of these minors is a fit and proper person to have their custody and has made the same decision in its interlocutory decree from which an appeal has been taken, and notwithstanding that upon determination of that appeal, whether the custodial decree be affirmed or reversed, the respondent court will resume jurisdiction in the divorce action to adjudge what should thereafter be done concerning the custody of these minors, still because of the hiatus, temporary in character, brought about by the statutory supersedeas during appeal, the grandmother contends she may, through a guardianship proceeding, have the custodial decree annulled. If she may do this she will effectually render futile the jurisdiction of this court on appeal.

An appeal such as is pending here "stays all further proceedings in the court below to proceed upon the judgment or order appealed from, or upon the matters embraced therein." (Code Civ. Proc., § 946.) So complete is this loss of jurisdiction effected by the appeal that even the consent of the parties has been held ineffective to reinvest the trial court with jurisdiction over the subject matter of the appeal and that an order based upon such consent would be a nullity.

(*Kinard* v. *Jordan,* 175 Cal. 13, 15, 16 [164 P. 894].) "Pending the appeal the superior court had no more power to modify the order appealed from in the manner indicated than it would have had to proceed and enforce it in its entirety. The effect of the appeal is to *remove the subject matter of the order from the jurisdiction of the lower court,* and that court is without power to proceed further as to any matter embraced therein until the appeal is determined. (*Ruggles* v. *Superior Court,* 103 Cal. 125 [37 P. 211].)" (*Stateler* v. *Superior Court,* 107 Cal. 536 [40 P. 949].) "We think it very plain that the superior court cannot deprive this court of jurisdiction of an appeal from a judgment by amending the judgment while the appeal is pending here." (*San Francisco Savings Union* v. *Myers,* 72 Cal. 161, 163 [13 P. 403].) "The stay of proceedings pending appeal has the legitimate effect of keeping them in the condition in which they were when the stay of proceedings was granted. It operates so as to prevent any future change in the condition of the parties." (*Merced Mining Co.* v. *Fremont,* 7 Cal. 130.) "While an appeal from the judgment is pending that court has no power to amend or correct its judgment." (*Shay* v. *Chicago Clock Co.,* 111 Cal. 549, 552 [44 P. 237].) "An appeal from a judgment or order would be futile, and this court would be deprived of jurisdiction if pending the appeal the judgment or order appealed from could be modified or changed into something radically different by a subsequent order of the lower court. Of course, circumstances can be imagined under which a power in the trial court to change a judgment or order while an appeal was pending could be wisely used for the welfare of children; but that consideration was pressed in the Queirolo case, and the court there said: 'With the supposed evil consequences suggested by respondent, as possibly flowing from this conclusion, the court may not concern itself in an instance such as this. The effect of an appeal from the judgment, as suggested in *Foster* v. *Superior Court,* 115 Cal. 279 [47 P. 58], is purely a matter of statutory regulation, to be determined by a construction of the statute under which the appeal is taken, and by the terms of which, when clear and unambiguous, we are concluded. It is for the legislature to make the law. Our function is simply to enforce it.' " (*Vosburg* v. *Vosburg,* 137 Cal. 493 [70 P. 473].)

In *France* v. *Superior Court,* 201 Cal. 122 [255 P. 815, 52 A.L.R. 869], it was held that while in this state the power

to issue the writ of habeas corpus is conferred by the Constitution upon the Supreme Court and each of the justices thereof, District Courts of Appeal and each of the justices thereof, and the superior courts; and the decision of any court in habeas corpus proceeding, providing the court has jurisdiction, cannot be reviewed by any other court in any way, nevertheless this did not mean that the superior courts "have the power to interfere with the appellate jurisdiction of either of said last-named courts in matters pending before said appellate courts or to overrule or set aside a judgment rendered therein." The court further said: "It is not claimed that this could be done directly by any proceeding instituted for that purpose in the superior court, but if the last-named court has power under the constitution to discharge from custody by a writ of habeas corpus a defendant whose appeal is at the time pending before either of the appellate courts of the state, then the superior court may do indirectly that which it must be admitted it has no power to do directly."

We hold that whether the attempt be made to set aside, modify or amend the custodial orders made by the respondent court in the divorce action through the medium of a habeas corpus proceeding or through the medium of a guardianship proceeding or through attempted direct action in the divorce action, the perfecting of the appeal stays the hand of the respondent court during the pendency thereof and that neither directly nor indirectly can the respondent court further act upon the subject matter of the cause, jurisdiction over which has by the appeal been transferred from respondent court to the appellate court.

■ Through the guardianship proceeding the respondent court was vested with no jurisdiction pending the appeal to further consider and act upon the subject matter of the custodial decree adjudicated in the divorce action. The fact that we have an apparent difference in parties in the guardianship proceeding is not material. The Greene case was based upon the theory that a divorce decree awarding to a parent the custody of a minor was the equivalent of a decree appointing a guardian of the person of the minor in a guardianship proceeding. ■ While any person may initiate a guardianship proceeding, whether related to the minors or not, none but the parents has anything in the nature of a right to be adjudicated. ■ The welfare of the children is the essential subject matter of the action and strangers are little more than informants to the court when they initiate the proceed-

ing. The argument that these minors are imperiled by being left in the custody of their mother to whose custody the respondent court has heretofore committed them is but a repetition of the argument that has so frequently been made in this and like situations as was noted by the Supreme Court in *Vosburg* v. *Vosburg, supra.* If, indeed, that peril is real, then far from justifying further action by the trial court pending appeal the situation is one, as was suggested in *Ritter* v. *Superior Court, supra,* where the State, acting in its capacity as *parens patriae* may through the juvenile court temporarily care for the interests of these children. Such a proceeding, to be brought in the county of their residence, was suggested as appropriate in our former decision (*In re Lukasik, supra*), but for some unexplained and perhaps inexplicable reason the petitioner in guardianship and the father of these minors in the juvenile proceedings he brought in the respondent court, seem extremely reluctant to submit the decisions of the issues they propose to the Superior Court of Fresno County. This reluctance indicates either that the peril they allege does not in fact exist or that they seek to gain a fancied advantage by proceeding in the respondent court.

Since the respondent court has no jurisdiction in the guardianship proceeding to affect the custody of these minors, pending the appeal, its order to the sheriff of Merced County issued in that proceeding was void and the detention of these minors by their paternal grandmother is unlawful.

Let the writ of this court issue, prohibiting and restraining the respondent court from further proceedings in guardianship which will in any manner or to any degree affect the custody of these minors, pending the appeal from the orders of that court in the divorce action, and let the petitioner in the guardianship proceedings and respondent herein in the habeas corpus proceedings, Veronica Lukasik, be ordered and directed to immediately deliver said minors to petitioner herein, Dolores Lukasik, who, pending said appeal, is declared to be their legal custodian and entitled to their physical custody.

Peek, J., and Schottky, J. pro tem., concurred.