[Civ. No. 15196.  First Dist., Div. One.  Mar. 20, 1952.]

VIRGINIA LEE KENTERA, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents; RICHARD STEVEN KENTERA, a Minor, Real Party in Interest.

W. L. A. Calder and Lorne M. Stanley for Petitioner.

Marshall E. Leahy and John F. O'Dea for Respondents and Real Party in Interest.

PETERS, P. J.—The trial court denied a petition by a minor, aged 14, to have his paternal grandmother appointed his guardian.  The child appealed from that judgment.  The child then petitioned the superior court to appoint his grandmother his temporary guardian pending the appeal.  The trial court, over the protests of the child's mother, who has legal custody, indicated that it believed that it had jurisdiction of that petition.  Upon the petition of the mother, this court issued its alternative writ of prohibition preventing the lower court from acting.

The facts, more in detail, are as follows:

The petitioner, Virginia Lee Kentera, was divorced from Edward C. Kentera in 1940. As modified in 1943, the divorce decree gave joint legal custody of Richard Steven Kentera, the sole issue of the marriage, to both parents, with physical custody in the mother, and rights of visitation to the father. Virginia has since married one Boesel, and resides with him in Ukiah. Edward has also remarried and lives with his wife in Palo Alto. The paternal grandmother of Richard is Angelina Kentera, who resides in San Francisco.

On July 13, 1951, Richard, then 14 years of age, who was then temporarily visiting his grandmother in San Francisco, filed a petition pursuant to section 1440 of the Probate Code[1] requesting that his grandmother be appointed his guardian. The petition, after alleging the jurisdictional facts, avers that Richard "is in need of a guardian," and that Angelina is a fit and proper person to act as such guardian and has consented to serve. While the petition avers that Richard's mother, Virginia, has been awarded his custody, there is no averment that Virginia is not a fit and proper person to act as guardian.

Virginia filed opposition to Richard's application, in which, after setting forth the facts entitling her to Richard's custody, she denied that the child was in need of a guardian, and denied that Angelina was a fit and proper person to act as guardian. In connection with this last denial she averred that Angelina was about 60, that she lived with her husband who is not related to Richard; that no young people reside in that home; that Angelina and her husband operate a restaurant in San Francisco which consumes most of their time and attention; that for these reasons Angelina will be unable to give Richard proper care and supervision; that Angelina and her husband, in their home, do not use the English language but converse in a foreign language. Virginia further averred that she resides with her present husband in Ukiah, and that in the family are three other children, all boys, ages 17, 9 and 7; that the four boys normally play and mingle together; and that it would be in the best interests of the child to remain with his mother.

---

[1] That section provides, in part, that "When it appears necessary or convenient, the superior court of the county in which a minor resides or is temporarily domiciled . . . may appoint a guardian for his person or estate. . . . The appointment may be made upon the petition of a relative . . . or on the petition of the minor, if fourteen years of age. . . ."

After a hearing, the trial court on October 9, 1951, entered its judgment denying Richard's petition and ordering the boy returned to his mother in Ukiah. It found that since the divorce, Richard has been in the general physical custody of his mother; that the appointment of a guardian for Richard is not necessary or convenient; that the child has lived practically his entire life with his mother; that his mother is a fit and proper person to have the care, custody and control of Richard; that his mother's home in Ukiah is a suitable home for the minor.

On October 15, 1951, Richard appealed from the judgment denying his petition for a guardian. That appeal is pending in the other division of this court, the respondent's brief has been filed, and no doubt the appeal will shortly be placed on a calendar for oral argument. After the appeal was perfected, the trial court, by a *nunc pro tunc* order, purported to amend the findings by adding a finding that the grandmother is a fit and proper person to have custody of Richard. On October 30, 1951, Richard filed a notice of motion for an order to appoint his grandmother his temporary guardian pending the appeal. The mother immediately objected to the trial court's considering the petition, urging that the trial court had no jurisdiction to hear the motion for temporary custody pending the appeal from the judgment denying the petition of Richard for the appointment of a guardian. At the hearing of the motion, the trial judge (the same judge who had tried Richard's original petition) expressed his belief that he had jurisdiction to make an order for temporary custody under section 1442 of the Probate Code,[2] pending the appeal, but agreed not to make such an order until this court could act on a petition for a writ of prohibition. This court then issued an alternative writ.

The law is settled that, pending an appeal from a custody order, the trial court (except, perhaps, in extraordinary circumstances not here involved) has no jurisdiction to entertain a proceeding aimed at changing the legal custody of the minor as it existed at the time the order was entered. (*Foster v. Foster*, 5 Cal.2d 669 [55 P.2d 1175]; *Foster v. Superior*

---

[2]Section 1442 appears in the chapter entitled "Appointment of Guardians for Minors." The section provides, in part: "In such proceeding, when it appears to the court or judge . . . that the welfare of the minor will be imperiled if he is allowed to remain in the custody of the person then having his care, an order may be made providing for his temporary custody until a hearing can be had on the petition. . . ."

*Court,* 4 Cal.2d 125 [47 P.2d 701]; *Ritter* v. *Superior Court,* 99 Cal.App. 121 [278 P. 240]; *Browning* v. *Browning,* 208 Cal. 518 [282 P. 503]; *In re Browning,* 108 Cal.App. 503 [291 P. 650]; see cases collected and discussed 9 Cal.Jur. p. 799, § 141; 5 Cal.Jur. 10-Yr.Supp. (1944 Rev.) p. 340, § 141.) The Foster cases, *supra,* are leading cases on the subject. There the South Dakota court divided the custody between the parents of the child. During the period in which the mother was entitled to and had custody, with consent of the South Dakota court, she brought the child to California where she resided. In this state she instituted a proceeding to secure exclusive custody. At the end of a contested hearing the trial court indicated that it intended to deny the mother's petition but, before such order was made, it entered a series of orders designed to get the child into the hands of the father, thus changing the physical custody, so that when the custody order should be entered the father would legally have physical custody. The Supreme Court held that such legal maneuvers were not permissible, and that so disturbing the custody pending an appeal was beyond the jurisdiction of the court. A writ of prohibition issued. This was the case decided in 4 Cal.2d 125. Thereafter, the court entered its order awarding custody to the father. The mother appealed and applied for a writ of supersedeas. The Supreme Court, in 5 Cal.2d 669, held that such writ should be denied because the appeal acted as an automatic supersedeas. In so holding, the court stated (p. 672): ''Both in the return of respondent to the alternative writ of *supersedeas* and upon oral argument, respondent argued that no writ should issue for the reason that a perfected appeal in an action for the custody of a child automatically constitutes a stay of proceedings and precludes a trial court from interfering with custody as it existed at the time of appeal. [Citing authorities.] With this argument we agree. The authorities so hold. It necessarily follows, we think, from the fact that at the date of the entry of the judgment, the petitioner was legally entitled to the custody of said minor under the order granting her temporary custody, and the fact that the stay of proceedings pending appeal has the legitimate effect of keeping the subject thereof in the condition in which it was when the stay of proceedings was granted, that petitioner is entitled to retain the custody of the said minor until the final determination of the appeal from the judgment. [Citing a case.]''

If the rule of the Foster cases be applied to the instant case

there can be no doubt that the trial court has no jurisdiction to disturb the legal custody of Richard as it existed when the order appealed from was entered, pending the appeal from that order. At that time, custody was legally in the mother. She has been found to be a fit and proper person to have custody. The trial court has no power to disturb that status quo pending the appeal.

There is nothing in section 1442 of the Probate Code that is contrary to this conclusion. The section, by its clear and unambiguous language, permits the trial court to make an order fixing temporary custody pending a custody hearing. The section has no application to the power of a court pending an appeal.

Richard cites such cases as *Foy* v. *Foy*, 23 Cal.App.2d 543 [73 P.2d 618]; *Barrett* v. *Barrett*, 210 Cal. 559 [292 P. 622]; *Titcomb* v. *Superior Court*, 220 Cal. 34 [29 P.2d 206], relating to the power of the trial court to act in custody matters independent of statute. The rule of those cases is admittedly sound, but those cases do not discuss, because they do not involve, the power of the court to make orders affecting custody pending an appeal from a custody order. *In re Pinnell*, 184 Cal. 270 [193 P. 574], also cited by Richard, does not involve action of the court after an appeal, that question being expressly left open.

Let the peremptory writ issue as prayed.

Bray, J., and Wood (Fred B.), J., concurred.