[No. 12439.   In Bank. — December 27, 1887.]

## JOHN JOHNSON, Respondent, v. THOMAS MAL-LOY, Appellant.

TAXATION — ASSESSMENT — COURT CANNOT ORDER MODIFICATION. — Where the duties of an assessor with respect to a particular assessment have ceased, a court has no power to authorize him to amend, alter, or modify the assessment.

AGREED STATEMENT OF FACTS — MOOT QUESTION OF LAW. — Parties cannot, by agreeing upon a statement of facts, invoke the aid of a court for the decision of what, to them, or either of them, is merely a moot question of law; and courts should not render judgments which cannot be enforced by any process known to the law.

APPEAL from a judgment of the Superior Court of Alameda County.

The agreed statement of facts upon which the action was tried, after stating the facts recited in the opinion of the court, further stated "that the question in difference between the parties herein is as to whether or not the assessment of the land and premises above set out, as made to the owner thereof, without deducting the value of the mortgage thereon, is a legal assessment. The plaintiff contends that the assessment of said real estate should be made, less the value of the mortgage, and the defendant contends that the mortgage to the regents, being exempt from assessment and taxation, has no value for the purpose of assessment, and hence should not be deducted.  The said question might be the subject of a civil action between these parties for the recovery of a thousand dollars or more, and involves the legality of the said assessment."  The court rendered judgment "that the value of said mortgage in favor of said regents of the University of California upon the plaintiff's land, described in the agreed statement of facts, can be lawfully deducted from the value of said land when assessing said land for revenue, . . . . and that the said assessment of said land to the plaintiff, the

owner and mortgagor thereof, so made by said defendant, without deducting the value of said mortgage, . . . . is not a legal and valid assessment, and that the said value of said mortgage must be deducted from the assessed value of said land." The further facts are stated in the opinion of the court.

*S. P. Hall,* for Appellant.

*John B. Mhoon,* for Respondent.

The COURT.—This cause was presented to the court below upon an agreed statement of facts, from which it appears that plaintiff owns a tract of land which defendant, the assessor of Alameda County, on the seventh day of March, 1887, assessed for the purpose of taxation at the sum of $15,150, the full cash value thereof, and refused to deduct therefrom a mortgage of $13,000 due the "regents of the University of California," upon the ground that the sum secured by said mortgage was, as property of the regents aforesaid, exempt from taxation and not assessable.

This action was commenced on or about November 16, 1887, and on the twenty-second day of November judgment was rendered in favor of plaintiff and against the defendant, without costs. It was further adjudged and decreed that the value of the mortgage can be deducted from the assessment; that the assessment made by defendant, without deducting the value of the mortgage thereon, is not a valid and legal assessment, etc.

Defendant appeals from the judgment.

The question presented to the court below upon the agreed statement was not one that could be properly determined in the form which it was made to assume.

The duties of the assessor in the premises had ceased, and no judgment of the court could clothe him with authority to amend, alter, or modify his assessment of the property in question.

No agreement of parties càn be invoked to call for the decision of what to them, or either of them, is merely a moot question, and courts should not render judgments which cannot be enforced by any process known to the law.

The judgment is reversed, and the court below directed to dismiss the action.

Rehearing denied.