[No. 23.   Second Appellate District.—July 13, 1905.]

## BOARD OF EDUCATION OF THE CITY OF SAN DIEGO, Appellant, v. COMMON COUNCIL OF THE CITY OF SAN DIEGO, Respondent.

WRIT OF MANDATE—NON-ENFORCEABILITY—TAX UNDER CHARTER—DIS-MISSAL OF APPEAL.—A writ of mandate which cannot be enforced will not issue; and an appeal from a judgment sustaining a de-murrer to a petition for a writ of mandate to enforce the levy of a school tax which could not be enforced under the city charter when the appeal was taken, will not be reviewed upon its merits, but will be dismissed.

APPEAL from a judgment of the Superior Court of San Diego County.   N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

Cassius Carter, District Attorney, W. R. Andrews, Deputy, Collier & Smith, and Withington & Carter, for Appellants.

H. E. Doolittle, City Attorney of San Diego, for Respondent.

ALLEN, J.—This is an appeal from an order of the superior court of San Diego County sustaining a demurrer to a petition for a writ of mandate directing the city council of San Diego to levy a tax for school purposes upon the taxable property of said city, under the provisions of the charter thereof.

The record discloses, and it is conceded by counsel, that the demand and requirement upon the part of plaintiff board for such levy and the refusal of the council in connection there-

with was had with reference to a levy which, by such charter,. was required to have been made on or before the second Monday of May, 1903.

It is apparent, therefore, that no authority now reposes in the council to make such levy, nor any jurisdiction in this or any other court to order the same; that a writ of mandate, if granted, could not be enforced, and would be unavailing; and in such cases a writ will not issue. (*Board of Education* v. *Common Council,* 128 Cal. 372, [60 Pac. 976].) No agreement of parties can be invoked to call for a decision of what to them, or either of them, is merely a moot question, and courts should not render judgments which cannot be enforced by any process known to the law. (*Johnson* v. *Malley,* 74 Cal. 432, [16 Pac. 228].)

It appears that the parties to this litigation have no rights which can be affected by the reversal of the order; that the· defendant possessed no right to make any levy for the fiscal year 1903 at the date of the appeal herein; and that the superior court has no authority to render any judgment in the premises. Any opinion that we might give upon the merits of plaintiff's application  to the superior court would not, therefore, be followed by any action on the part of that court, and would not have any binding authority, or constitute any adjudication of the rights of the parties. (*Foster* v. *Smith,*. 115 Cal. 613, [47 Pac. 591].)

Without determining any of the questions involved, for the reasons above suggested, and upon the authority of *Foster* v. *Smith,* 115 Cal. 613, [47 Pac. 591], the appeal in this case is dismissed.

Gray, P. J., and Smith, J., concurred.