[Civ. Nos. 12930, 13012.   Second Dist., Div. Two.   Oct. 2, 1941].

JAMES E. CLEMENTINE et al., Appellants, v. BOARD OF CIVIL SERVICE COMMISSIONERS et al., Respondents.

Louis Lombardi and Robert W. Kenny for Appellants.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Hugh MacDonald and Bourke Jones, Deputies City Attorney, for Respondents.

McCOMB, J.—Petitioners appeal from:

(1) An order of the trial court denying their application for a writ of mandate to compel respondent board of civil service commissioners to certify the names of petitioners as eligible from existing registers of the civil service commission to fill the positions of captain, lieutenant, and sergeant of police respectively in the police department of the city of Los Angeles;

(2) An order of the trial court denying the application of petitioners for an order restraining respondent board of civil service commissioners from certifying any names to the appointing power of the city of Los Angeles as persons eligible to fill the positions above mentioned pending the determination of the appeal from the order denying petitioners' application for a writ of mandate.

The essential facts are:

September 21, 1937, respondent board of civil service commissioners approved a register of eligibles for the position of captain in the police department of the city of Los Angeles upon which appeared the name of respondent James E. Clementine. June 22, 1938, said respondent approved registers of eligibles for lieutenant and sergeant of police in the police department of said city, upon which appeared the names of petitioners Cantin and Shultz respectively.

Subsequently there were vacancies in the police department of the city of Los Angeles in the ranks of captain, lieutenant, and sergeant, and respondent commission refused to certify to the board of police commissioners of the city of Los Angeles any names for the purpose of filling said vacancies from the registers of eligibles of said commission. The present proceedings were instituted to compel respondent board of civil service commissioners to certify to the police commission the names of petitioners as eligible to fill the vacancies in the respective positions of captain, lieutenant, and sergeant of police.

(1)

Respondents first confront us with the proposition that the questions presented to this court are now moot, for the reason that the registers of eligibles herein involved have expired by lapse of the time limit prescribed in the charter of the city of Los Angeles.

This proposition is tenable and is governed by these rules:

■ (1) A writ of mandate will not issue to enforce an abstract right, when the occurrence of an event subsequent to the commencement of the proceeding makes the issuance of the writ of no practical benefit to the petitioner. (*Board of Education* v. *Common Council,* 1 Cal. App. 311, 312 [82 Pac. 89] ; *Green* v. *Jordan,* 216 Cal. 318, 319 [14 Pac. (2d) 297] ; *Jones* v. *Clark,* 355 Ill. 527 [189 N. E. 870, 872] ; *State ex rel. Shelton* v. *Edwards,* 109 Conn. 249 [146 Atl. 382, 384] ; *State ex rel. Apple* v. *Pence,* 137 Ohio St. 569 [31 N. E. (2d) 841, 844].)

■ (2) Pendency on appeal of a proceeding does not extend the time limit prescribed in section 107 of the charter of the city of Los Angeles (see cases cited *supra*).

*Cook* v. *Civil Service Commission,* 160 Cal. 598 [117 Pac. 662], is not contrary to the second rule, for in that case the Supreme Court held that the question involved on appeal was not moot, because the act of the civil service commission of the city and county of San Francisco in striking names from an eligible list was void as being predicated upon an order of the superior court, which was a nullity.

Petitioners' contention that as a practical matter an eligible list will expire before a final determination of a dispute upon appeal, and, therefore, pending an appeal it should be held

that the limits prescribed in section 107 of the charter of the city of Los Angeles be suspended, is without merit, for the reason that it is a matter of common knowledge that the appellate courts of this state have, on proper application and adequate showing, advanced for hearing and immediately determined any case where such disposition was necessary in order to preserve the rights of parties litigant. For many years this court has been in a position to dispose promptly of any case where the exigencies of the situation required immediate decision. Even though we assume that *People ex rel. Finnegan* v. *McBride,* 226 N. Y. 252 [123 N. E. 374], establishes a rule contrary to the rule above announced, such case is unavailable to petitioners, in view of the holdings of the Supreme and Appellate Courts of California.

Section 107 of the charter of the city of Los Angeles (Stats. 1925, p. 1024, as amended by Stats. 1935, p. 2341) reads in part thus:

". . . Names of candidates on the register of eligibles for promotion shall be stricken therefrom after they shall have remained thereon two years without re-examination."

Respondent board of civil service commissioners approved a register of eligibles for captain of police of the city of Los Angeles on September 21, 1937, and registers of eligibles for lieutenant and sergeant of police for the same city on June 22, 1938. It thus appears that more than two years have elapsed since the approval of the registers of eligibles and that, under the provisions of the charter of the city of Los Angeles above quoted, in the absence of a showing, as in the instant case, that the parties whose names appeared thereon have been re-examined, their names should be stricken from such eligible registers.

Since, under the rule of law above stated, the pendency of this appeal did not suspend the running of the time limit prescribed in section 107 of the city charter, the issuance of the writs which petitioners seek in the instant case would be of no value to them, because they would not be eligible for the positions which they now seek.

(2)

In view of the conclusions which we have reached upon petitioners' main contention, their second appeal is likewise moot.

For the foregoing reasons the above entitled appeals are dismissed and the judgment and order are and each is affirmed.

Moore, P. J., concurred.

Wood, J., dissented.

Appellants' petition for a hearing by the Supreme Court was denied November 27, 1941.