CHAS. L. HARNEY, INC. (a Corporation) et al., Respondents, v. BOARD OF PERMIT APPEALS OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

Dion R. Holm, City Attorney, and G. R. Dougherty, Deputy, for Appellants.

Thelen, Marrin, Johnson & Bridges for Respondents.

SHOEMAKER, J.—This is an appeal by the defendants Board of Permit Appeals of the City and County of San Francisco, its members and secretary, City Planning Commission of the City and County of San Francisco, its members and secretary, Reuben H. Owens, Director of The Department of Public Works, and Robert C. Levy, Superintendent, Bureau of Building Inspection, from an order granting plaintiffs Charles L. Harney and Chas. L. Harney, Inc., a peremptory writ of mandate directing the issuance of a building permit theretofore denied by defendants.

The facts are that Charles L. Harney is the owner of certain real property in San Francisco; that on April 4, 1960, Chas. L. Harney, Inc., as contractor, applied to the central permit bureau of the city for a permit to construct a billboard

on Harney's property; that the bureau, in accordance with its usual procedure, referred the application to the city planning commission, which set the matter for hearing on April 7, 1960; that the matter was continued to and heard by the commission on April 21, 1960, and plaintiffs were then informed that the planning commission intended to submit to the board of supervisors of San Francisco an amendment to section 4722 of the building code, and that this amendment would prohibit the erection of billboards in the area of the proposed site, and thereupon the commission put aside the application pending the proposed legislation; that said amendment was presented to the board of supervisors and was adopted by ordinance, the effective date being July 23, 1960. After the adoption of the amendment and on June 16, 1960, the planning commission denied the application. Written findings were not made by the commission. On June 16, 1960, plaintiffs filed a notice of appeal with the board of permit appeals. After a visit to the proposed site the board, on July 6, 1960, voted to uphold the decision of the commission denying the application. Written findings were not made by the board.

The parties do not question that said property was in a zone permitting the construction requested, and that plaintiffs had done all acts necessary to entitle them to the building permit as of April 4, 1960. The writ of mandate directed that the orders of the planning commission and the board of permit appeals denying the issuance of the permit be cancelled, and that plaintiffs be issued a permit forthwith to construct the proposed billboard.

■■■ Appellants contend that respondents in this action are necessarily proceeding under section 1094.5 of the Code of Civil Procedure, and that they must present a written record of the proceedings before the board of permit appeals, otherwise the court is without the record that it must examine before it can make its determination as to whether or not the administrative agency has exceeded its powers by abusing its discretion, acting arbitrarily or at complete variance with the evidence. The argument is made that respondents fail to state any ground for relief and the court was in error in taking any action in the matter. This contention finds no support in the record before us. Here, the trial court was not powerless to act because respondents failed to preserve a stenographic record of the board hearing. The proceedings before

the superior court show that counsel for both parties met in chambers with the trial judge prior to proceeding with the trial, and at that time established the procedure to be followed therein. Pursuant thereto the two opposing counsel were "to state the facts as they appear of record." Witnesses were in attendance, but were dismissed in order to abide by the pretrial agreement that counsel for both sides would provide the court with the necessary factual background. Both parties were requested to and did file points and authorities in support of their contentions. Pursuant to this pretrial arrangement, the parties had thus agreed upon a method of presentation by which the court could be apprised of the prior proceedings in the matter so that it might proceed with the legal issues before it. In view of the lack of any record of the board hearing, this procedure was both proper and permissible.

Appellants next contend that a presumption arises, in the absence of a record, that the evidence heard by the board sustains its order. However, the presumption to which appellants refer arises regardless of whether or not there is a record of the administrative proceedings. ■ In *City & County of San Francisco* v. *Superior Court* (1959), 53 Cal.2d 236, 251 [347 P.2d 294], our Supreme Court stated:

". . . It appears proper also to mention the familiar and elementary rule that in connection with the action of an administrative board, the fact that certain action is taken raises the presumption that the existence of the necessary facts had been ascertained and found [citations], and likewise carries the implicit principle that such 'necessary facts' are those required by the applicable standards which guided the board and by which the action of all inferior as well as higher tribunals is similarly guided."

■ Where a record of the administrative hearing is made and presented to the court for its examination, the court has before it the facts considered by the agency in arriving at its decision. Under these circumstances, the reviewing court can determine whether the particular board had exceeded its administrative discretion by basing its order on grounds other than those set forth in the applicable charter provisions or ordinances designed to guide its discretion, the validity of the presumption arising from the board's order standing or falling upon the evidence contained in that record.

In the instant case, the trial court looked to the statements of counsel, the admissions of the pleadings, and other docu-

ments filed with the court, in order to ascertain the basis of the board's ruling. After reviewing these evidentiary materials, the court found that the billboard which the respondents proposed to erect was in full accord with all applicable building code provisions of the City and County of San Francisco; that no reason, other than aesthetic considerations, was ever given by any member of the planning commission, of the board of supervisors, or of the board of permit appeals, for the rejection of the application. It is not disputed that the board's action was based on the ordinance which was to become effective July 23, 1960, and the aesthetic considerations. We are faced, therefore, with the question as to whether the board of permit appeals is vested with such power[1] as to entitle it to base its denial on either of these factors.

We first discuss the board's power to deny the application upon the basis of the ordinance that would become effective July 23d, for if it had such a right the denial must stand regardless of any other basis it might possess for refusing a permit. Respondents urge that their right to a permit is to be determined as of the date of their application and cannot be affected by an ordinance subsequently adopted, and that the board, in determining whether they should have a permit, was not entitled to consider the provisions of a future ordinance. We do not agree with this argument, for the rule to the contrary has been established in this state in the case of *Brougher* v. *Board of Public Works* (1928), 205 Cal. 426 [271 P. 487], wherein petitioners sought a writ of mandate from the Supreme Court compelling the San Francisco board of public works to grant their application for a permit to construct a hotel building on property owned by them. The property owned by petitioners was within the second residential district of San Francisco, and the governing ordinance permitted the erection of hotels and apartment houses in this district. Petitioners had also complied with all the other ordinances then in force which prescribed the necessary steps to be taken in order to secure a building permit. Petitioners' application was presented to the board

---

[1]The extensive discretionary powers of the Board of Permit Appeals of the City and County of San Francisco have been discussed and determined in the recent cases of *City & County of San Francisco* v. *Superior Court* (1959), 53 Cal.2d 236 [347 P.2d 294]; and *Board of Permit Appeals* v. *Central Permit Bureau* (1960), 186 Cal.App.2d 633 [9 Cal. Rptr. 83].

of public works on April 18, 1927. On May 2, 1927, the board of supervisors passed a new ordinance providing that no building exceeding 40 feet in height could be erected in the area where petitioners' real property was located. The board of public works took no final action on petitioners' application until after this ordinance was approved by the mayor on May 9, 1927. The board then denied petitioners a permit, since their proposed building was prohibited by the new ordinance.

Petitioners contended that since they had complied with every ordinance in effect at the time of their application, they were entitled as a matter of right to the permit prayed for. The court pointed out that several well considered cases had held that a board of public works, or other body exercising similar powers, could cancel or revoke a permit issued by it when the ordinance under which the permit had been granted had been amended so as to prohibit the type of building covered by the permit. Even where work had been commenced pursuant to the permit, the landowner was still viewed as having acquired no vested rights against a change of ordinance by exercise of the law-making power. The court then stated, at pages 434, 435:

". . . If a permit already issued may be revoked upon the subsequent amendment of the ordinance under which it was issued, undoubtedly an application for a permit may be denied upon the amendment of the ordinance after the filing of such application, making it illegal to issue such a permit. . . . In such cases there is no opportunity for any privilege to ripen into a vested right, for the reason that no privilege . . . is acquired until a permit has been issued. . . ."

". . . It follows, therefore, from what we have said that the petitioners were not entitled to have granted to them the permit applied for by merely showing that they had complied with all the laws and ordinances effective in said municipality at the time of the filing of the application with said Board of Public Works when the further fact appeared that before final action had been taken on their application the ordinances under which said application had been made had been amended by the board of supervisors."

Respondents contend, however, that the rule of the *Brougher* case has been modified by *Munns* v. *Stenman* (1957), 152 Cal.App.2d 543 [314 P.2d 67]. In that case, petitioners were granted a writ of mandate to compel the issuance of a

building permit. Petitioners had originally applied for a permit to construct a residence on their lot on November 3, 1953. The city building department refused to issue a permit and informed petitioners that permits were not being issued in that area. This denial was apparently based on the department's unwritten policy that no new permits would be issued in the area of petitioners' property until all the existing property holders had brought their parcels into line with state and local requirements. On November 17, 1953, an amending ordinance (Number 1200) was introduced, and this ordinance was finally enacted on December 1, 1953. On appeal from the granting of the writ of mandate, the city of Monrovia attempted to justify its refusal on the ground of the new ordinance. The court dismissed this contention, stating that the first denial had occurred prior to the first reading of the ordinance. The court then proceeded to distinguish the *Brougher* case in the following language:

". . . While it is generally true that such an application must conform to an ordinance passed while action upon the same is pending (*Brougher* v. *Board of Public Works*, 205 Cal. 426 [271 P. 487]), that rule seems not applicable to a situation in which the permit clearly should have been issued before amendment to the law. . . ." (P. 551.)

We do not believe the *Brougher* case can properly be distinguished on this ground in view of the fact that the Supreme Court therein stated that petitioners had complied with all the ordinances in force at the time of their application (*Brougher* v. *Board of Public Works, supra,* p. 439), and even went on to state:

". . . There can be no question, had the board of supervisors not amended the ordinances of the City and County of San Francisco after petitioners had filed their application for a permit, but that upon the refusal of the Board of Public Works to issue such permit to petitioners, it could have been forced to do so by *mandamus.* . . ." (P. 434.)

While the court in the *Munns* case undertook to distinguish the *Brougher* case, we do not believe it did so. Rather, we feel that its decision properly rests on its stated second ground that the ordinance in question was "discriminatory, arbitrary and confiscatory" for it clearly appears from the record in that case that the building department of Monrovia denied the permit solely on the basis of its own plans for the area and procured the enactment of the ordinance to compel com-

pliance therewith. If there is any distinction between the cases, it can only be in the fact that in the *Brougher* case the ordinance was valid, and in the *Munns* case it was invalid.

In our opinion, the *Brougher* case controls this appeal, and the writ of mandate should not have been granted.

Inasmuch as we have determined that the trial court's order granting the writ must be reversed, it becomes unnecessary to discuss appellants' remaining contentions that the judgment is contrary to the undenied allegations of defendants' return and answer, and that the writ was issued without the observance of proper legal procedures.

The order granting the writ of mandate is reversed.

Draper, Acting P. J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied November 1, 1961.

[Crim. No. 3906.    First Dist., Div. Two.    Sept. 8, 1961.]