[Civ. No. 28742. Second Dist., Div. Two. Dec. 20, 1965.]

AUDRE S. SLATER et al., Plaintiffs and Respondents, v. THE CITY COUNCIL OF THE CITY OF LOS ANGELES et al., Defendants and Appellants.

Roger Arnebergh, City Attorney, Bourke Jones and Marcus E. Crahan, Jr., Assistant City Attorneys, and William B. Burge, Deputy City Attorney, and Paul D. Holland for Defendants and Appellants.

Val Linton and Don Lake for Plaintiffs and Respondents.

HERNDON, J.—Defendants, The Council of the City of Los Angeles and Brentwood Park Property Owners' Association, Inc., hereinafter referred to as the City Council and the Association, respectively, appeal from a judgment entered granting respondents' petition for a writ of mandate ordering the City Council, in effect, to grant respondents the right to divide a piece of real property although such division would be violative of a city ordinance enacted prior to the entry of judgment herein. The facts essential to a determination of this matter are without conflict.

On August 13, 1963, respondents were the owners of a lot 24,800 square feet in area and surrounded by other lots of similar size. These lots, however, were then located within a larger R-1 zoning district in which the minimum lot area was only 5,000 square feet. On that date respondents made application for permission to divide their land into two parcels under the provisions of sections 17.50 et seq. of the Los Angeles Municipal Code. This application was approved on August 28, 1963, by the director of planning.

On September 12, 1963, the Association appealed to the city planning commission from the ruling of the director of planning. The commission interpreted the pertinent code sections in such manner as to require it to deny the appeal and stated:

"Although it is realized that the proposed division will create parcels which are not compatible in size with lots in the existing area, the lot split regulations do not give the Director authority to require lots greater than 7500 square feet in the R1 zone. The subject division proposes lots well over the 7500 square foot maximum. It would appear that the proper method for maintaining large lots in the area would be through zone change approvals. In any event there does not appear to be any legal basis for disapproval of the proposal because of proposed lot sizes."

On October 3, 1963, the commission on its own initiative commenced a proceeding to rezone all property within the Brentwood Park tract, including that of respondents, and to place it in RE and RA zones so as to increase the required minimum lot sizes from 5,000 to 20,000 square feet in most cases, including that of respondents.

On October 7, 1963, appellant Association was notified by the commission of its adverse action on the Association's appeal. On October 18, 1963, the Association appealed from this decision of the commission to the City Council.

On October 21, 1963, the City Council's planning committee gave notice to all interested parties of a hearing to be conducted by the committee on the appeal filed by the Association, and, on the same date, a hearing was held on the proposed rezoning of the Brentwood Park tract by a hearing examiner appointed therefor by the city planning commission.

On November 4, 1963, appellant City Council considered the Association's appeal and sustained it by disapproving the lot split as proposed by respondents upon the basis of its finding: "that the approval at this time of the proposed lot split would not be consonant with the now pending rezoning of the entire area so as to require RA (20,000 square foot) lots."

On November 14, 1963, the city planning commission's hearing examiner reported to the commission on the proposed rezoning and, after a further hearing by the commission, it adopted the report and recommendation of its hearing examiner and approved a draft of an ordinance to rezone the tract in accordance with his recommendations. This draft was subsequently adopted without change.

On November 18, 1963, the city planning commission transmitted its report and recommendations, together with the approved draft of the ordinance, to the appellant City Council. On November 26, 1963, respondents filed the instant action seeking a writ of mandate. On December 16, 1963, the trial was had in the superior court on this action, and, on the same date, appellant City Council, acting on the favorable recommendation of its planning committee, adopted the ordinance previously transmitted to it and forwarded it to the mayor for his approval. The ordinance was approved by the mayor on December 23, 1963, and upon its publication on December 30, 1963, in a newspaper of general circulation in

the City of Los Angeles, became Los Angeles City Ordinance No. 126,251, effective January 30, 1964.

Thereafter, on February 6, 1964, the trial court, by minute order, indicated that it was granting respondents' petition. On February 11, 1964, appellant City Council filed what it denominated a notice of motion for new trial in which it specifically called Ordinance No. 126,251 to the attention of the trial court. This motion was heard on March 3, 1964, and was denied on March 16, 1964. At the same time the trial court signed and filed its findings of fact and conclusions of law and entered the judgment which is the subject of this appeal.

We have concluded that the judgment must be reversed. The law has long been settled in California that, except where a party in good faith reliance upon an administrative action proceeds to do substantial work or to expend substantial money and thereby acquires a vested right or a nonconforming use status, such party is bound by, and required to comply with, the provisions of statutes or ordinances enacted subsequent to the administrative action sought to be relied upon. (*Wheat* v. *Barrett*, 210 Cal. 193, 197 et seq. [290 P. 1033]; *Sunny Slope Water Co.* v. *City of Pasadena*, 1 Cal.2d 87, 91 [33 P.2d 672], and cases cited therein.)

Moreover, even in instances involving building permits, the mere application or submission of plans for a building permit and even the actual issuance of the requested permit which conforms to then existing law, does not prevent the revocation of such permit and the stoppage of work (in the absence of a substantial expenditure of money or work in good faith reliance thereon) if in the interim applicable law is enacted or amended which would prohibit the project contemplated. (*Brougher* v. *Board of Public Works*, 205 Cal. 426, 432, 434-435 [271 P. 487]; *Miller* v. *Board of Public Works*, 195 Cal. 477, 482, 496 [234 P. 381, 38 A.L.R. 1479]; *Chas. L. Harney, Inc.* v. *Board of Permit Appeals*, 195 Cal.App.2d 442, 446-447 [15 Cal.Rptr. 870].)

It is therefore unnecessary for us to decide whether, as respondents contend and appellants deny, the director of planning, the city planning commission, and even the City Council acting in a solely administrative capacity, were required to grant respondents' requested permit by reason of the pertinent ordinances existing at the time such application

was filed. (Cf. *City & County of San Francisco* v. *Superior Court*, 53 Cal.2d 236, 251 [1 Cal.Rptr. 158, 347 P.2d 294]; *Johnston* v. *Board of Supervisors*, 31 Cal.2d 66, 74 [187 P.2d 686].) ▮ The City Council also has a legislative capacity. Having expressly referred to the proposed rezoning as its reason for denying respondents permission to divide their lot in a manner that would not conform to the existing conditions in the area and which would constitute lots of nonconforming size after the adoption of the pending legislation, and having actually adopted this rezoning ordinance prior to the entry of judgment herein, the trial court erred in ordering appellant City Council to grant respondents' application in violation of said ordinance.

▮ A writ of mandate should not issue to enforce an abstract or moot right (*Clementine* v. *Board of Civil Service Comrs.*, 47 Cal.App.2d 112, 114 [117 P.2d 369]), and certainly the writ never should issue to compel an act which will tend to an unlawful purpose. (*Pacific Employers Ins. Co.* v. *Carpenter*, 10 Cal.App.2d 592, 604 [52 P.2d 992].)

Respondents offer no equitable reason why they should now be permitted to effect a division of their property into two lots of nonconforming size to the detriment of their neighbors and none suggests itself to this court. In fact, respondents' argument in support of their position concedes that it would have been an entirely proper procedure if appellant City Council had enacted a temporary interim zoning ordinance (Gov. Code, § 65806) and then had denied their application on that basis. They contend, however, that the mere statement of the reasons for denying the application, not constituting a formal temporary interim ordinance, was insufficient to support the denial of the application. ▮ While we are of the opinion that such contention cannot be sustained, we believe that in any event respondents' petition for the writ of mandate should not have been granted after the enactment of the ordinance prohibiting the proposed division of the lot in question.

The judgment is reversed.

Roth, P. J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied February 16, 1966.