[Civ. No. 33708. First Dist., Div. Two. Mar. 27, 1974.]

CALIFORNIA CENTRAL COAST REGIONAL COASTAL ZONE CONSERVATION COMMISSION, Plaintiff and Appellant, v. McKEON CONSTRUCTION, Defendant and Respondent.

### COUNSEL

Evelle J. Younger, Attorney General, Sanford Gruskin, Chief Assistant Attorney General, Carl Boronkay, Assistant Attorney General, Roderick Walston and Richard C. Jacobs, Deputy Attorneys General, for Plaintiff and Appellant.

John Roger Beers, John E. Bryson and Ballard Jamieson, Jr., as Amici Curiae on behalf of Plaintiff and Appellant.

Rankin, Oneal, Center, Luckhardt, Marlais, Lund & Hinshaw and Arthur K. Lund for Defendant and Respondent.

Fulop, Rolston, Burns & McKittrick and Marvin G. Burns as Amici Curiae on behalf of Defendant and Respondent.

### OPINION

**ROUSE, J.**—This is an appeal by plaintiff California Central Coast Regional Coastal Zone Conservation Commission (hereafter "commission") from an order denying its application for a preliminary injunction against defendant McKeon Construction (hereafter "McKeon").

The relevant facts may be summarized as follows: In May 1971, defendant McKeon held an option to purchase 16.4 acres of unimproved real property located in the City of Capitola. McKeon intended to construct 54 separate buildings, containing a total of 216 condominium units, on said property. In early May 1971, McKeon's agent contacted Mr. Ray, who was the Capitola City Manager and who was also the secretary of the Board of Directors of the Capitola Sanitation District. McKeon's agent discussed with Mr. Ray McKeon's plans for the development of the property and received Ray's assurances that such use of the property was permissible. Ray also stated that sanitation facilities were available in the area and were

adequate to serve the density permitted by the existing zoning. Ray requested that McKeon file an application for planned unit development (p.d.) zoning in order to give the City of Capitola more control over the property. McKeon agreed to do so, although the existing zoning of the property (p.d. and RM 3000) allowed for the construction of the contemplated 54 buildings.

On October 28, 1971, McKeon filed an application to rezone the property from p.d. and RM 3000 to entirely p.d.

On November 15, 1971, after McKeon had prepared a market analysis at the request of the city, the Planning Commission of the City of Capitola voted to approve the request for rezoning.

On December 13, 1971, a public hearing was held by the city council, which referred the matter back to the planning commission.

On January 4, 1972, the planning commission again voted to recommend the rezoning, and on January 10, 1972, the rezoning was passed by the city council.

On January 24, 1972, an ordinance was passed rezoning the property to p.d.

On April 1, 1972, McKeon exercised its option to purchase the property and became the owner of same.

On May 23, 1972, McKeon filed an application for a use permit.

On June 5, 1972, a public hearing was held by the planning commission, which voted to approve the use permit.

On June 12, 1972, a public hearing on the use permit was held by the city council. A group of residents objected to the granting of the use permit and contended that there had been no compliance with a city ordinance which required that no p.d. district ordinance could be adopted without the written consent of every property owner within such district. Although McKeon was the only property owner within the proposed district, the matter was nevertheless referred to the city attorney for an opinion.

On June 26, 1972, the city attorney ruled that the ordinance in question had not been complied with and that the ordinance of January 24, 1972, which rezoned McKeon's property to p.d., was therefore invalid. The city attorney further ruled that the zoning on the property reverted back to RM 3000, which would require only that McKeon obtain architectural and site approval in order to obtain a building permit.

On June 27, 1972, McKeon filed an application for architectural and site approval. On July 3, 1972, such approval was granted by the City of Capitola.

On the morning of July 5, 1972, McKeon tendered to the City of Capitola the required fees of $8,722.50 and requested that building permits be issued. On the afternoon of the same day, the Capitola Sanitation District imposed a sewer hookup moratorium without affording notice or a hearing to McKeon.

On July 10, 1972, the city council passed an ordinance placing a moratorium on the acceptance of applications for building permits.

On September 14, 1972, the Capitola Sanitation District adopted an exception to the sewer hookup moratorium and provided that building permits could be issued in instances where applications therefor had been submitted prior to noon on July 5, 1972.

On September 25, 1972, McKeon's attorney demanded that building permits be issued pursuant to the exception provision passed by the sanitation district.

On September 29, 1972, the city attorney advised McKeon's attorney that the city was taking the position that McKeon's application for building permits had been made prior to noon on July 5, 1972. The city attorney advised McKeon that an environmental impact report was required to be filed before the building permits could be issued.

On October 10, 1972, Mr. Ray advised McKeon that the Capitola Sanitation District would provide sewer services providing that McKeon agreed to put in 2,200 lineal feet of various diameter pipe at its own expense.

At the general election held on November 7, 1972, the People of the State of California enacted the California Coastal Zone Conservation Act of 1972 (Pub. Resources Code, §§ 27000-27650). Pursuant to sections 27104 and 27400 of the Public Resources Code, on or after February 1, 1973, any person wishing to perform any development located within 1,000 yards of the mean high tide line of the Pacific Ocean was required to obtain a permit authorizing such development from plaintiff commission. McKeon's property was located within the permit area.

On November 20, 1972, in accordance with the advice previously given by the city attorney, McKeon filed an environmental impact report with the City of Capitola. The city refused to issue McKeon any building permits.

On January 12, 1973, McKeon filed in the superior court an action to obtain a writ of mandate compelling the issuance of the building permits for which it had applied. Named as defendants in that action were the City of Capitola, the city council, Mr. Ray, the Building Official of the City of Capitola, the Capitola Sanitation District, the board of directors of the sanitation district and the District Engineer of the Capitola Sanitation District.

Following the issuance of an alternative writ of mandate, the cause came on for hearing on January 19, 1973. The court orally announced at said hearing that it would grant the peremptory writ of mandate.

On February 14, 1973, the court rendered its judgment granting a peremptory writ of mandate in favor of McKeon, compelling the City of Capitola to issue a building permit subject to McKeon's complying with certain specified conditions. The judgment further provided that McKeon "was entitled to its building permit on the subject property on or about the 5th day of July, 1972, that the permit should be issued as of said date and that accordingly [McKeon] need not comply with the provisions of the Coastal Zone Conservation Act . . . , even though the building permit ordered herein is not physically delivered to [McKeon] until after February 1, 1973."

On March 1, 1973, McKeon obtained building permits for its contemplated condominium project and began work on said project.

On June 26, 1973, plaintiff commission brought suit against McKeon to obtain a preliminary and permanent injunction restraining McKeon from proceeding with the development of its project without first obtaining a permit from plaintiff commission. The trial court denied plaintiff's application for a preliminary injunction, and plaintiff has appealed from the order of denial.

On appeal, plaintiff commission contends that the order denying it a preliminary injunction must be reversed because defendant McKeon had, as a matter of law, acquired no right to be exempt from the requirements of the California Coastal Zone Conservation Act of 1972. Plaintiff bases this contention upon the fact that, as of February 1, 1973, defendant McKeon had not either obtained a building permit or done any work in reliance thereon.

In the recent case of *San Diego Coast Regional Com.* v. *See The Sea, Limited* (1973) 9 Cal.3d 888 [109 Cal.Rptr. 377, 513 P.2d 129], our Supreme Court held that in order to be exempt from the permit provisions of the California Coastal Zone Conservation Act of 1972, a builder must have performed substantial lawful construction prior to February 1, 1973.

In the instant case, such construction could have been done only in reliance on a building permit. Defendant McKeon did not obtain its building permits nor do any work in reliance thereon until March 1973. It follows that defendant was subject to the requirements of the California Coastal Zone Conservation Act of 1972.

Defendant McKeon attempts to avoid this result by arguing that it *should* have obtained building permits in July 1972, and was unable to do so only because of arbitrary action on the part of the City of Capitola. Defendant asserts that the trial court so held in the prior action brought by McKeon against the city and that the court further held that the building permits should be issued *nunc pro tunc* as of July 1972 and that McKeon should be deemed exempt from the requirements of the California Coastal Zone Conservation Act of 1972. Defendant argues that it was through no fault of its own that it did not commence construction of its development well prior to February 1, 1973, and that it should not be penalized because of the unreasonable and arbitrary action of the City of Capitola.

Although defendant is correct in its assertion that, in the action which it brought against the city, the trial court required that the building permits be issued *nunc pro tunc* as of July 1972, and also held that McKeon was exempt from the provisions of the California Coastal Zone Conservation Act of 1972, it is clear that, since plaintiff commission was not a party to that action, it was not bound by that court's decision. (*In re L. A. County Pioneer Society* (1953) 40 Cal.2d 852, 857 [257 P.2d 1]; *County of L. A.* v. *Continental Corp.* (1952) 113 Cal.App.2d 207, 219-220 [248 P.2d 157].)

Within the context of this case, where the rights of McKeon as against plaintiff commission are directly in issue, it would seem clear that the rule of *Brougher* v. *Board of Public Works* (1928) 205 Cal. 426 [271 P. 487], is controlling and that McKeon must be held subject to the requirements of the California Coastal Zone Conservation Act of 1972 because it was not issued building permits until after said act had become operative.

Defendant McKeon argues that the rule of the *Brougher* case was modified in *Munns* v. *Stenman* (1957) 152 Cal.App.2d 543 [314 P.2d 67], where the court held that an applicant for a building permit need not comply

with an ordinance passed while action on the application is pending *if the permit clearly should have been issued before the ordinance was passed.*

However, the holding of the *Munns* case was actually based upon the ground that the particular ordinance passed while the petitioners' application was pending was invalid because it was discriminatory, arbitrary and confiscatory when applied to the petitioners.

In *Chas. L. Harney Inc.* v. *Board of Permit Appeals* (1961) 195 Cal.App. 2d 442, 448 [15 Cal.Rptr. 870], this court upheld and applied the *Brougher* rule and expressly rejected the argument that it had been modified by the *Munns* decision. We stated, "While the court in the *Munns* case undertook to distinguish the *Brougher* case, we do not believe it did so. Rather, we feel that its decision properly rests on its stated second ground that the ordinance in question was 'discriminatory, arbitrary and confiscatory' . . . . If there is any distinction between the cases, it can only be in the fact that in the *Brougher* case the ordinance was valid, and in the *Munns* case it was invalid.

"In our opinion, the *Brougher* case controls this appeal . . . ." (Pp. 448-449.)

In the instant case, the trial court did not base its order denying plaintiff commission a preliminary injunction upon any finding that the California Coastal Zone Conservation Act of 1972 was invalid or unconstitutional. In the absence of any such finding, the court was clearly bound to apply the rule of the *Brougher* case. The sole question before the court was whether defendant McKeon had or had not obtained a building permit and performed substantial work in reliance thereon prior to February 1, 1973, the date upon which the permit requirements of the California Coastal Zone Conservation Act of 1972 became effective. Clearly, this question could only be answered in the negative. On February 1, 1973, defendant McKeon did not have a building permit and therefore could not have performed any work in reliance thereon. On that date, defendant McKeon likewise had not yet obtained a judgment directing that it be issued a building permit. Accordingly, we conclude that the trial court had no alternative but to hold that defendant McKeon was subject to the permit provisions of the California Coastal Zone Conservation Act of 1972, did not have vested rights against its operation, and that plaintiff commission was entitled to the preliminary injunction which it sought.

It is to be regretted that defendant McKeon's attempts to proceed with its project were frustrated by the City of Capitola for such a lengthy period of time. Certainly, no one could challenge defendant's good faith and persistent efforts to qualify for a building permit. However, defendant McKeon's rights, as against the city, are not here at issue. We are concerned

solely with defendant McKeon's rights as against plaintiff commission, which was not a party to the prior action between McKeon and the city.

At oral argument, we were advised by the parties that subsequent to the proceedings in the lower court, the commission has denied McKeon a permit and that McKeon has commenced a mandamus action against the commission. We are confident that the history of the project will be thoroughly reviewed and the equities fairly and justly considered and resolved in that action.

The order denying plaintiff commission a preliminary injunction is reversed.

Taylor, P. J., and Kane, J., concurred.

Petitions for a rehearing were denied April 26, 1974, and the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied May 22, 1974.