[S. F. No. 9558. In Bank.—November 5, 1920.]

In re Guardianship of the Person and Estate of MILDRED BERNICE PINNELL, a Minor.

[1] GUARDIANSHIP OF MINOR — TEMPORARY CUSTODY — NATURE AND EFFECT OF ORDER PROVIDED BY SECTION 1747, CODE OF CIVIL PROCEDURE.—The order provided for by section 1747 of the Code of Civil Procedure is one designed simply to enable the superior court, upon an ex parte showing of necessity therefor, to provide for the temporary custody of a minor and its production in court until a hearing can be had of a petition for letters of guardianship, and the court informed of the immediate necessities with regard to the welfare of the child.

[2] ID.—VACATION OF ORDER FOR TEMPORARY CUSTODY — POWER OF COURT.—It is within the power of the superior court to finally vacate an ex parte order made under section 1747 of the Code of Civil Procedure, providing for the temporary custody of a minor pending application for letters of guardianship, at any time dur-

ing the course of the proceedings and thus restore the *status quo,* if upon investigation of the facts such action seems proper.

[3] Id.—Judgment in Guardianship Proceeding—Incorporation of Order Vacating Order for Temporary Custody—Effect of.— The fact that an order vacating an *ex parte* order providing for the temporary custody of a minor pending an application by the father for letters of guardianship was physically incorporated in the signed judgment denying the father's application and awarding the permanent custody of the child to its mother does not make the order a part of the judgment in the proceeding, since it is in effect simply an express disposition of a provisional order restoring the *status quo* and entitling the mother to the custody, notwithstanding the taking of an appeal from the judgment.

APPLICATION for Writ of Supersedeas pending determination of appeal from order denying petition for letters of guardianship of minor. Denied.

The facts are stated in the opinion of the court.

A. M. Drew for Appellant.

Henry Hawson for Respondent.

ANGELLOTTI, C. J.—This is an application by John Harold Pinnell for a writ of *supersedeas* pending the determination of an appeal taken by him to this court from an order of the superior court of Fresno County denying his petition for letters of guardianship of the person and estate of his minor daughter, Mildred Bernice Pinnell, a child of the age of three and one-half years.

At the time of the initiation of the guardianship proceeding, on June 8, 1920, the child was in the care and custody of her mother, Erma May Pinnell, the wife of the petitioner, who was living at the home of her father in Fresno, the husband and wife having been living separate and apart for some time. On the institution by petitioner of the proceeding for letters of guardianship, he obtained from the superior court, upon an affidavit to the effect that the welfare of the child would be imperiled if she were allowed to remain in the custody of the mother and that the mother would take the child from the state unless restrained from so doing, an *ex parte* order under section 1747 of the Code of Civil Procedure, directing the sheriff to take possession of the child and

deliver her to Ella M. Towle, assistant probation officer, who should have and retain the custody "until the final hearing of the petition for letters of guardianship." Under this order the child was taken from the mother and delivered to the assistant probation officer, who has ever since retained her in her custody. The application for letters was opposed by the mother, and the matter was heard by the superior court in July, 1920. The court on August 7, 1920, gave its judgment denying the application of the father for letters of guardianship, and further decreeing that both petitioner and the mother are fit and proper persons to have the custody of the child, that neither has any right superior to the other in regard to such care and custody, and that it would be for the best interests of the minor child in respect to her temporal, mental, and moral welfare that she be placed and remain in the custody of her mother. By the judgment the custody of the child was awarded to the mother, when she should have filed an undertaking with two sureties in the sum of one thousand dollars, conditioned that she would not · take the child from the state. Included in the judgment was an order vacating and setting aside the order of June 8th, relative to the temporary custody of the child, and providing that upon the filing of the decree and the giving and approval of the undertaking, the assistant probation officer shall surrender the custody of the child to the mother. The undertaking was given and approved. The petitioner at once appealed to this court from the whole of said judgment. The whole object of this application for *supersedeas* is to prevent the redelivery of the child to the mother pending the determination of the appeal, and in so far as any substantial material showing is concerned, the application is based solely on the theory that the appeal stays the effect of the order of the superior court vacating and setting aside the order of June 8, 1920, for temporary custody and restoring the custody of the child to the mother from whom it was taken at the commencement of the proceeding.

[1] We are of the opinion that the contention of petitioner involves a misconception of the nature and effect of the order provided for by section 1747 of the Code of Civil Procedure. It was solely by virtue of the order made under that section that the child was taken from the custody of the mother and withheld from such custody pending the hearing in the su-

perior court. She was in the custody of the mother at the time of the institution of the guardianship proceeding, and there she would have remained throughout the proceedings in the trial court and during the pendency of any appeal, but for such order. Such was the *status quo*. The order provided for by the section is clearly one designed simply to enable the superior court, upon an *ex parte* showing of necessity therefor, to provide for the temporary custody of the child and its production in court, "until a hearing can be had on such petition" in the superior court, and the court informed of the immediate necessities with regard to the welfare of the child. The material part of the section provides: "In all such proceedings [applications for letters of guardianship], when it appears to the satisfaction of the court, either from a verified position, or from affidavits, that the welfare of the minor will be imperiled if such minor is allowed to remain in the custody of the person then having the care of such minor, the court may make an order providing for the temporary custody of such minor until a hearing can be had on such petition," and this is followed by the provision for a warrant to a peace officer for the taking of the child by the officer and the delivery by him into the "temporary custody," provided wherever it appears to the court that there is danger that the child will be carried out of the jurisdiction of the court or will suffer some irreparable injury before compliance with the order for temporary custody can be enforced. In nature and effect the order is somewhat analogous to a temporary restraining order, the functions of which are ended when a hearing is had and the trial court gives its judgment against the party in whose favor the order was made. **[2]** That it is within the power of the superior court to finally vacate such an *ex parte* order at any time during the course of proceedings therein and thus restore the *status quo,* if upon investigation of the facts it deems it proper that this should be done, cannot be doubted. **[3]** This the superior court effectively did by order at the close of the hearing therein, and the fact that such order was physically incorporated in the signed judgment of the court denying the application of the father for letters and awarding the permanent custody of the child to the mother does not make it a part of the *judgment* in the proceeding. It is in effect simply an express disposition of

CLXXXIV Cal.—18

a provisional order for the temporary custody pending further action by the superior court, and the effect thereof was, at least upon the giving of an undertaking satisfactory to the court, to at once restore the *status quo* and entitle the mother to a return of the child notwithstanding the taking and pendency of an appeal by petitioner from the judgment.

We are not called upon here to question the power of the superior court to make appropriate provision for the temporary custody of a minor pending an appeal, where upon the hearing it concludes that the welfare of the child will be imperiled if it be allowed to be in the custody from which it was taken. As the welfare of the child is the paramount consideration under such circumstances as we have here, there can be no doubt that some lawful method could be found to prevent even a temporary custody imperiling such welfare. But we have no such question here. In this case the superior court, after a full hearing, has determined that the welfare of the child will be promoted, rather than imperiled, by her restoration to the custody from which she was taken under the provisional order, and therefore has vacated such provisional order for temporary custody *pendente lite.* That its order in this behalf is final and not reviewable on appeal we have no doubt.

The order heretofore made granting a stay pending determination of this application is vacated, and the application for a writ of *supersedeas* is denied.

Olney, J., Lawlor, J., Wilbur, J., Lennon, J., and Sloane, J., concurred.