[Civ. No. 20284.   Second Dist., Div. Two.   May 11, 1954.]

Guardianship of the Persons and Estates of SHERRY ELLEN THOMAS et al., Minors.   CATHERINE E. DUDLEY, Appellant, v. HERMAN A. THOMAS, JR., Respondent.

Hahn, Ross & Saunders and Allan L. Leonard for Appellant.

Brown & Rognes, Edward L. Butterworth and Walton Brown for Respondent.

MOORE, P. J.—This is a motion to dismiss an appeal from an order denying the appellant custody of her two minor granddaughters.

In support of the motion to dismiss, respondent contends that the questions raised by the appeal are now moot in that the District Court of Harris County, Texas, has, since the order herein was made, granted permanent custody of the minors to respondent and at the time of such order, the minors resided and now reside in Texas.

The minor children, to wit, Sherry Ellen Thomas and Kathy Delene Thomas, had been placed in the custody of their mother upon the granting of a decree of divorce in the State of California, but on March 15, 1953, she was killed in an accident. Catherine E. Dudley, the maternal grandmother, commenced proceedings two days later to be appointed guardian of the children. Herman A. Thomas, respondent, is father of the children. He filed his objection to the grandmother's petition for guardianship. The court awarded temporary custody to the grandmother until June 19, 1953; temporary custody to the father from June 19 to September 11, 1953. Temporary custody of the children then returned to the grandmother until September 14 when the court directed that they be delivered to the father, and by the same order appointed him guardian. The final order was signed November 2, 1953.

A stay of execution of the order was denied by the court so that the father might take the children back to Texas with him. A notice of appeal herein was filed November 30, 1953. Thereafter, the Texas court awarded permanent custody to the father. The present motion to dismiss the appeal was filed April 12, 1954.

The first question before this court is, does the decision of the Texas court make the questions on appeal moot?

The law requires that a final judgment of a court of a sister state having jurisdiction be accorded the same effect as that of a final judgment of a California court. (Code Civ. Proc., § 1915.) ■ The finality of a foreign judgment is to be presumed until the contrary appears. (*164 East 72nd Street Corp.* v. *Ismay,* 65 Cal.App.2d 574, 576 [151 P.2d 29].) ■ When a foreign decree is relied upon and the record shows compliance with the law of such alien jurisdiction, a presumption of validity arises, and in the absence of a successful attack upon it on the grounds of want of jurisdiction, the foreign decree will be recognized. (*Delanoy* v. *Delanoy,* 216 Cal. 27, 34 [13 P.2d 719, 86 A.L.R. 1321].) ■ Where a petition alleges all the facts necessary to give the court jurisdiction and it is recited in the order that all such allegations are true, then the order appointing a guardian when duly made and entered becomes a decree of the court. (*Guardianship of Kimball,* 80 Cal.App.2d 884, 886 [182 P.2d 612].) The jurisdiction of the Texas court is not controverted by appellant.

■ It is contrary to established judicial procedure to rule on questions that are moot. In accordance therewith, when an appeal is pending, and an event occurs that makes effectual relief impossible, even if the court agrees with the appellant, the appeal will be dismissed. ■ It is the duty of every court to decide only actual controversies by a judgment which can be carried into effect and not to render opinions upon moot questions or abstract propositions, or to declare principles, doctrines or rules which cannot affect the pending issue. If, when an appeal is pending, an event occurs which makes it impossible for this court to grant the appellant any effectual relief, the appeal should be dismissed. (*Mills* v. *Green,* 159 U.S. 651, 653 [16 S.Ct. 132, 40 L.Ed. 293] ; *Estate of Tierney,* 63 Cal.App.2d 295, 299 [146 P.2d 700] ; *California Pac. T. & Tr. Co.,* v. *California Min. & Dredging Syndicate,* 17 Cal.App.2d 353, 354 [61 P.2d 1181].) ■ There being no subject matter upon which this court can rule, the appeal must be dismissed.

■ Although not necessary to this decision, it is not amiss to refer to appellant's main contention, namely that the court below was guilty of "judicial misconduct" in not granting her request that the children be required to remain in California until after judgment herein. To grant such a demand would

have tended to operate an injustice. The court's act in making its final order of November 2, 1953, was in all respects judicious and regular. It had made ex parte orders for their temporary custody on the former occasions to safeguard their welfare and to share their custody between their grandmother and their father and to keep surveillance over the children. But when confronted with the law and fact that the surviving parent is entitled to the custody of his minor children (Civ. Code, § 197) after the claims of respondent's unfitness had been rejected by the court, there was no escape from awarding the custody of his children to respondent. (See *In re Pinnell,* 184 Cal. 270, 272 [193 P. 574].)

The appeal is dismissed.

McComb, J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 7, 1954.