[Civ. No. 19961. First Dist., Div. Two. Feb. 20, 1962.]

LOUIS H. FEDER, Plaintiff and Appellant, v. WILLIAM A. LAHANIER et al., as Members of the Civil Service Commission of the City and County of San Francisco, Defendants and Respondents.

Richard H. Perry and Rodney H. Washburn for Plaintiff and Appellant.

J. W. Ehrlich as Amicus Curiae on behalf of Plaintiff and Appellant.

Dion R. Holm and Thomas M. O'Connor, City Attorneys, and Bernard J. Ward, Deputy City Attorney, for Defendants and Respondents.

AGEE, J.—Petitioner is a lieutenant in the San Francisco Police Department who took a civil service examination held to secure a list of eligibles for promotion from lieutenant to captain. The list was to consist of the five participants having the highest total points. Petitioner placed sixth and was therefore not included in the eligible list.

This appeal is from a judgment of the superior court denying his petition for a writ of mandate requiring the members of the civil service commission to disallow certain points granted to eligible number four. The points in dispute were for approximately three months served in 1951 under a non-civil service appointment as a lieutenant. A disallowance of these points would have reduced number four's total and resulted in petitioner becoming one of the eligibles.

Under section 145 of the Charter of the City and County of San Francisco, the commission may provide in the scope circular of any examination that the list of eligibles secured thereby shall automatically expire at a date not less than two or more than four years after the adoption of such list. The scope circular in the instant case provided: "The eligible list resulting from this examination will expire two years following the date of its adoption."

The eligible list was adopted on November 19, 1959, and expired on November 19, 1961. Petitioner is therefore seeking on this appeal, which was argued and submitted on February 14, 1962, to have this court order that his name be placed on a list that has expired. Petitioner realizes this. He states in his brief: "[P]rior to the date that any decision could be expected on this Appeal, the list will have expired . . . [but] . . . Appellant seeks a determination of *his* legal civil service rights . . ."

We think that this case calls for the application of the general rule, as stated by our Supreme Court in *Consolidated etc. Corp.* v. *United Auto. etc. Workers,* 27 Cal.2d 859, 863 [167 P.2d 725], quoting from the United States

Supreme Court in *Mills* v. *Green*, 159 U.S. 651, 653 [16 S.Ct. 132, 40 L.Ed. 293] : " 'The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.' [Citations.]" See also *Guardianship of Thomas,* 125 Cal.App.2d 135 [269 P.2d 947] ; *Bollotin* v. *Workman Service Co.,* 128 Cal.App.2d 339 [275 P.2d 599].

 The situation presented in the instant case is similar to that in *Clementine* v. *Board of Civil Service Comrs.* (1941) 47 Cal.App.2d 112 [117 P.2d 369]. There, the Los Angeles Board of Civil Service Commissioners adopted in 1937 an eligible list for the position of captain in the city police department which included the name of petitioner Clementine, and in 1938 eligible lists for lieutenant and sergeant of police which included the names of two other petitioners. Vacancies occurred subsequently in each of these ranks. Upon refusal of the civil service commission to certify to the police commission board any names from the eligible list, the petitioners sought a writ of mandate to compel the respondents to do so. The appeal was from a judgment on the trial court's order denying the application for writ of mandate. The city charter required that names remaining on eligible lists for two years without reexamination be stricken from the lists. The appellate court, in 1941, dismissed the appeal as moot on the ground that the eligible lists had expired by lapse of the time limit prescribed in the charter.

This is not a case where petitioner was denied the right to take the examination, as in *Terry* v. *Civil Service Commission,* 108 Cal.App.2d 861 [240 P.2d 691], nor was he denied any points to which he claims to be entitled. The issue is simply whether eligible "number four" was improperly allowed points for a short period in 1951, during which he performed noncivil service work as a lieutenant under an emergency appointment.

The likelihood that petitioner will again be presented with

the same situation is not great. In order for this to occur, he would have to take another examination in which some other applicant claimed points for time served under an emergency noncivil service appointment as a lieutenant (examination is only open to lieutenants) and the allowance of such points would affect petitioner's right to be placed on the eligible list for promotion to captain.

Despite our conclusion that it is our duty to dismiss this appeal as being moot, we have carefully examined the record and the briefs. In our opinion there was no error in the computation of the points of the respective applicants by the civil service commission or in the preparation of the eligible list which followed.

The appeal is dismissed.

Kaufman, P. J., and Shoemaker, J., concurred.

A petition for a rehearing was denied March 7, 1962, and appellant's petition for a hearing by the Supreme Court was denied April 18, 1962.