Filed 12/5/14  Patkins v. Brown CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DAVID C. PATKINS, | C073964 |
| Plaintiff and Appellant, | (Super. Ct. No. 06CS01729) |
| v. | ORDER MODIFYING OPINION AND DENYING REHEARING |
| DENISE D. BROWN, as Director, etc., | |
| Defendant and Respondent. | [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on November 12, 2014, be modified as follows:

1.      On page 2, second sentence of the first full paragraph (under "FACTUAL AND PROCEDURAL BACKGROUND") delete the words "on or about April 28, 2001" so that the sentence reads:

Among the evidence presented at trial was Piantini's expert testimony that the child died as a result of child abuse.

2.      On page 5, delete footnote 5 and replace it with the following:

1

Though there are enumerated exceptions to the statute of limitations, the record before us does not support the application of any exception nor does Patkins contend any exception applies in either his opening or reply brief. (See § 2230.5, subds. (b)-(f) [no limitation where license to practice medicine procured by fraud or misrepresentation or where licensee intentionally conceals evidence of unprofessional conduct; tolling of limitations period where act or omission involves minor or where evidence is unavailable because of ongoing criminal investigation; and extended limitations period where complaint alleges sexual misconduct].) Patkins's belated assertion that certain exceptions may apply is not supported by any argument or by a citation to the record; therefore, it is forfeited. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1245-1246 & fn. 14 [failing to present argument with references to the record forfeits any assertion that could have been raised]; *Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 743 [lack of adequate citation to the record results in forfeiture of the claim of error]; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115-1116 [setting forth the general legal principles without specifically demonstrating how those principles establish error is insufficient to raise contention for purposes of appeal]; see also *Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 113 [it is appellant's burden to support claims of error with citation to legal authority].)

3.     On page 5, the last full paragraph beginning with "Patkins's complaint" is deleted and the following paragraph is inserted in its place:

Patkins's complaint was filed in 2006 and the act or omission alleged as the grounds for the sought disciplinary action occurred sometime prior to the filing of his 2003 complaint. Therefore, even if we assume, which is unlikely, that the act or omission was committed in 2003, the latest the Board could have filed a disciplinary action against Piantini would have been in 2010, and the statute of limitations likely expired even earlier.

There is no change in the judgment. Appellant's petition for rehearing is denied.

2

BY THE COURT:


      ROBIE      , Acting P. J.


      DUARTE      , J.


      HOCH      , J.

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DAVID C. PATKINS, | C073964 |
| Plaintiff and Appellant, | (Super. Ct. No. 06CS01729) |
| v. | |
| DENISE D. BROWN, as Director, etc., | |
| Defendant and Respondent. | |

Petitioner David C. Patkins appeals the trial court's denial of his petition for writ of mandate, contending respondent Denise D. Brown, Director of the Medical Board of California, (the Board) has a ministerial duty to " 'process,' " i.e., to " 'address, investigate, and give disposition' " to, his consumer complaint filed with the Board against Rebecca Piantini, M.D., for testimony she provided in Patkins's criminal proceeding related to the death of his infant son.  The Board contends the trial court properly denied Patkins's petition because:  1)  the Board, pursuant to its discretionary authority, investigated Patkins's complaint; and 2)  the petition is moot since the Board is

1

time-barred from pursuing disciplinary action against Piantini.  We conclude Patkins has failed to present an adequate record to support his contentions, and that the petition is moot because any disciplinary action against Piantini is barred by the applicable statute of limitations.  Accordingly, we dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

A jury found Patkins guilty of second degree murder, child abuse resulting in death, and possession of brass knuckles.  Among the evidence presented at trial, on or about April 28, 2001, was Piantini's expert testimony that the child died as a result of child abuse.  Patkins was sentenced to 59 years to life in prison, and he unsuccessfully appealed his conviction.  Thereafter, in March of 2003, Patkins filed a consumer complaint with the Board against Piantini, and the Board closed Patkins's complaint as not raising a violation of the Medical Practice Act.  (Bus. & Prof. Code,[1] § 2000 et seq.) Patkins does not contest the Board's rejection of this complaint.

In August 2006, Patkins filed another complaint against Piantini.  He alleged Piantini had committed " 'intentional misdiagnosis/malpractice' " by making diagnoses contrary to the evidence and contrary to the autopsy findings of the forensic pathologist, and by testifying to those false findings under oath.  The Board closed that complaint as " 'redundant' " to the 2003 complaint on August 17, 2006.

On December 5, 2006, Patkins petitioned the trial court for a writ of mandate claiming he was " 'repeatedly' " denied access to the Board, and asking the trial court to compel the Board to " 'address, investigate, and give disposition' " to his 2006 complaint against Piantini.  The Board demurred on June 19, 2009, contending Patkins lacked standing to compel the Board to investigate Patkins's complaint.  The trial court sustained the demurrer and dismissed Patkins's petition.

---

[1]     Undesignated statutory references are to the Business and Professions Code.

On appeal, we reversed the trial court's judgment of dismissal, holding Patkins had citizen standing to ensure that laws are executed and the public duty enforced. (*Patkins v. Johnston* (Sept. 12, 2011, C063111) [nonpub. opn.].) We remanded the matter to the trial court to set aside the dismissal and reinstate the petition. We made no decision as to the merits of Patkins's petition.

On remand, the trial court set the petition for a hearing on the merits and ordered the Board to respond to the petition. The Board denied Patkins was denied access to the Board, and affirmatively alleged the relief sought by the petition was moot and barred by the statute of limitations, and the Board's action on Patkins's consumer complaint was a "proper exercise of its discretion."[2] The trial court found the Board had already provided the relief Patkins sought through his writ of mandate: to have the Board " 'process' " the complaints. Thus, the trial court construed Patkins's petition as seeking an order compelling the Board to "fully 'investigate' " his complaints.

The trial court concluded that the Medical Practice Act merely *authorizes* the Board to investigate consumer complaints; it does not *require* an investigation by the Board. Further, the trial court concluded that even if the Board must investigate complaints, it is not required to *fully* investigate complaints. Thus, since the trial court concluded Patkins's petition sought a writ of mandate to compel the Board to exercise its discretionary, as opposed to ministerial, authority, it denied Patkins's petition. The trial court also explained that even if it were to find the Board had a duty, it would still deny the petition as moot because investigating Patkins's complaint would be "a useless and

---

**2**      Though the Board conceded all allegations in the petition for writ of mandate for purposes of the demurrer, the Board's subsequent answer to the petition, which denied all allegations, is operative for our review of the denial of the petition for writ of mandate on the merits. Thus, contrary to Patkins's assertion, the Board has not conceded it has a ministerial duty to investigate complaints.

ineffective act" because the statute of limitations for the Board to pursue a disciplinary action against Piantini had already lapsed.

Defendant appeals the denial of his petition for writ of mandate.**3**

## DISCUSSION

Neither the 2003 nor 2006 complaint, nor Patkins's petition for writ of mandate is in the appellate record; without these documents our ability to analyze Patkins's claim is limited.**4** Notwithstanding that constraint, we conclude the instant appeal is moot because regardless of the outcome of any investigation the Board may be ordered to conduct pursuant to Patkins's petition for writ of mandate, the Board is barred by the statute of limitations from pursuing any disciplinary action against Piantini. Accordingly, we dismiss the instant appeal.

"A case is moot when the decision of the reviewing court 'can have no practical impact or provide the parties effectual relief. [Citation.]' [Citation.] 'When no effective relief can be granted, an appeal is moot and will be dismissed.' " (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214; see also *Feder v. Lahanier* (1962) 200 Cal.App.2d 483, 485 [" ' "The duty of this court . . . is to

---

**3** Patkins filed a motion for judicial notice of unidentified documents that appear to relate to Patkins's criminal trial. Nothing indicates the documents were presented to the court below (Evid. Code, § 459), and the state of the documents does not permit us to ascertain whether they qualify for judicial notice (Evid. Code, §§ 451-453). Thus, we decline to take judicial notice of these documents. Even if we were to consider the documents, our conclusions would not alter.

**4** The party challenging the judgment or order has the burden of showing error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Estate of Davis* (1990) 219 Cal.App.3d 663, 670 & fn. 13.) An appellant "bears the burden to provide a record on appeal which affirmatively shows that there was an error below, and any uncertainty in the record must be resolved against the [appellant]." (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549; accord *People v. $17,522.08 United States Currency* (2006) 142 Cal.App.4th 1076, 1084.)

4

decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions . . . . It necessarily follows that when, pending an appeal from the judgment of the lower court, and without any fault of the [responding party], an event occurs which renders it impossible for this court, if it should decide the case in favor of [petitioner], to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." [Citations.]' [Citations.]"].)

"The Medical Board, through its Division of Medical Quality, has authority to investigate, to commence disciplinary actions, and to take disciplinary action against a physician's license based on unprofessional conduct as defined in the Medical Practice Act." (*Griffiths v. Superior Court* (2002) 96 Cal.App.4th 757, 768; see §§ 2220 [authorizing investigation], 2220.5 [authorizing commencement of disciplinary action], 2227 [enumerating potential forms of discipline].) Any disciplinary action against a physician "shall be filed within three years after the board, or a division thereof, discovers the act or omission alleged as the ground for disciplinary action, or within seven years after the act or omission alleged as the ground for disciplinary action occurs, whichever occurs first." (§ 2230.5, subd. (a).)[5]

Patkins's complaint was filed in 2006 and the act or omission alleged as the grounds for the sought disciplinary action occurred in 2001. Therefore, the latest the Board could have filed a disciplinary action against Piantini would have been in 2008 -- seven years after Piantini testified at Patkins's criminal trial. Thus, the ultimate goal of Patkins's consumer complaint -- disciplinary action against Piantini -- could not be

---

[5] Though there are enumerated exceptions to the statute of limitations, none apply here. (See § 2230.5, subds. (b)--(f) [no limitation where license to practice medicine procured by fraud or misrepresentation or where licensee intentionally conceals evidence of unprofessional conduct; tolling of limitations period where act or omission involves minor or where evidence is unavailable because of ongoing criminal investigation; and extended limitations period where complaint alleges sexual misconduct].)

afforded even if Patkins were to prevail in the instant appeal.  Accordingly, we dismiss the appeal as moot.

DISPOSITION

The appeal is dismissed.  The Board is entitled to its costs on appeal.  (Cal. Rules of Court, rule 8.276(a)(1).)


                                    _____ROBIE_____, Acting P. J.


We concur:


_____DUARTE_____, J.


_____HOCH_____, J.

6