Filed 8/19/15  Bae v. BMW of North America CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| HEIJOO BAE, | |
| Plaintiff and Appellant, | G049547 |
| v. | (Super. Ct. No. 30-2013-00647057) |
| BMW OF NORTH AMERICA, LLC, et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Kim Garlin Dunning, Judge.  Motion to dismiss granted.

Law Offices of Robert B. Mobasseri, Robert B. Mobasseri and Amy L. Hajduk for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Eric Y. Kizirian, Jeffry A. Miller, Michael K. Grimaldi and Brittany H. Bartold for Defendants and Respondents.

\*                \*                \*

Plaintiff Heijoo Bae appeals from a judgment dismissing her claims against defendants and respondents BMW of North America, LLC (BMW North America) and BMW Bank of North America (BMW Bank; collectively, BMW) after the trial court sustained BMW's demurrer without leave to amend. While this action was pending, a federal district court in New Jersey approved a class action settlement involving BMW North America that was based on the same conduct Bae alleged in this action. Although the claims administrator sent Bae notice of the need to opt out of the settlement if she wished to maintain a separate action against BMW, Bae did not opt out of the settlement.

Based on the settlement, BMW filed a motion to dismiss Bae's appeal as moot because we cannot grant her any effective relief even if we conclude the trial court erred. According to BMW, the release included in the settlement bars Bae's claims even if the trial court erred in sustaining BMW's demurrer without leave to amend. Bae did not file any opposition to BMW's motion. We agree the class action settlement bars Bae's claims, and therefore we grant the motion to dismiss Bae's appeal as moot.

I

FACTS AND PROCEDURAL HISTORY

In 2011, Bae purchased a new vehicle from Irvine Eurocars, LLC dba Irvine BMW (Dealership). According to Bae, the Dealership failed to disclose that it had registered the vehicle she purchased seven months earlier as a "service loaner," and her manufacturer's warranty began to run at that time. Accordingly, instead of the full four-year warranty the manufacturer provided, Bae only received a manufacturer's warranty with three years and five months left on it.

In April 2013, Bae filed this action against the Dealership, BMW North America, and BMW Bank to challenge this practice. She alleged individual and class claims under the Consumer Legal Remedies Act (Civ. Code, § 1750 et seq.), the unfair competition law (Bus. & Prof. Code, § 17200 et seq.), the Song-Beverly Consumer

2

Warranty Act (Civ. Code, § 1790 et seq.), the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq.), and the Equal Credit Opportunity Act (15 U.S.C. § 1691 et seq.). Bae alleged BMW North America was liable for the Dealership's conduct on an agency theory, and BMW Bank was liable as the holder in due course of the retail installment sales contract Bae signed when she purchased the vehicle.

The trial court sustained BMW's demurrer to Bae's original complaint with leave to amend because Bae failed to allege sufficient facts to hold these defendants liable for the Dealership's conduct. Bae then filed a first amended complaint alleging additional facts to support her agency and holder in due course theories, and BMW again demurred. The trial court sustained the demurrer because Bae failed to allege sufficient facts to state a claim against BMW, but this time the court denied Bae leave to amend. In October 2013, the trial court entered judgment dismissing Bae's action against BMW. Bae timely appealed.[1]

In September 2012, before Bae filed this action, Sanjay Saini filed a putative class action against BMW North America in federal district court in New Jersey. Saini alleged BMW North America sold consumers new vehicles that previously had been registered as demonstration or service vehicles without disclosing that the manufacturer's warranty began when the vehicle was originally registered, and therefore the consumers did not receive the full manufacturer's warranty.

In November 2013, after the trial court entered judgment against Bae in this action, Saini and BMW North America conducted a mediation to negotiate a settlement of Saini's individual and class claims. Those efforts proved successful and Saini agreed to settle all claims in exchange for BMW North America extending the warranty of all class members and reimbursing class members for certain repair expenses that should

---

[1] The trial court sustained in part and overruled in part the Dealership's demurrer to Bae's first amended complaint. The Dealership is not a party to this appeal.

3

have been covered by their warranties.  The settlement also included a release of all claims that class members had against BMW North America and its related entities regarding these warranty issues.

In October 2014, the federal district court preliminarily approved the settlement and certified the following class to complete the settlement:  "All consumers within the United States, at any time after September 28, 2006, (1) who were the initial purchasers of a BMW Sales Demonstration ('sales demo') vehicle or a BMW Aftersales Mobility Program ('service demo') vehicle; (2) that was identified in the contract of sale as 'new;' and (3) were not informed that the vehicle was a sales demo or service demo vehicle whose warranty had commenced prior to customer purchase."  The federal court also established the procedures for class notice and class members to object or opt out of the class.

In January 2015, while this appeal was pending, the settlement administrator sent Bae notice of the settlement and her right to object, receive benefits under the settlement, or opt out and maintain her own action.  Bae did not object to the settlement or opt out.  In May 2015, the federal district court granted final approval of the settlement and dismissed all claims.  No one appealed or otherwise challenged the court's order and that order is now final.

BMW filed a motion to dismiss Bae's appeal in this action on the ground the settlement bars Bae's claims, and therefore the appeal is moot.  Bae did not file any opposition to the motion.

II

DISCUSSION

A.    *The Appeal Must Be Dismissed Because It is Moot*

"Generally, courts decide only 'actual controversies' which will result in a judgment that offers relief to the parties.  [Citations.]  Thus, appellate courts as a rule will

not render opinions on moot questions: '[W]hen, pending an appeal from the judgment of a lower court, and without fault of the [respondent], an event occurs which renders it impossible for [the reviewing court] if it should decide the case in favor of [appellant], to grant [appellant] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. [Citations.]' [Citations.] The policy behind this rule is that courts decide justiciable controversies and will normally not render advisory opinions." (*Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1178-1179 (*Ebensteiner*); see *Giles v. Horn* (2002) 100 Cal.App.4th 206, 226-227; Eisenberg, Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2014) ¶¶ 5:21 to 5:22, p. 5-6.)

For example, an appellate court "will dismiss an appeal [as moot] . . . when the underlying claim is settled or compromised." (*Ebensteiner*, *supra*, 143 Cal.App.4th at p. 1179.) In *Ebensteiner*, the Court or Appeal dismissed an appeal from a judgment entered after the trial court sustained a demurrer without leave to amend. While the appeal was pending, the parties agreed to a settlement that resolved their dispute and released the defendant from liability. (*Id*. at p. 1176.) In dismissing the appeal, the *Ebensteiner* court explained it could not grant the plaintiff any effective relief because even if the court concluded the plaintiff had adequately alleged a claim to overcome the defendant's demurrer that claim nonetheless would be barred by the parties' settlement and release. (*Id*. at p. 1180.)

Similarly, an appellate court will dismiss an appeal as moot when the final disposition or judgment in another action bars the claims in the appeal and thereby prevents the appellate court from granting the appellant any effective relief. (See *In re The Paul Bunyan News* (1959) 175 Cal.App.2d 80, 82; *Guardianship of Thomas* (1954) 125 Cal.App.2d 135, 137 [final judgment in Texas awarding father permanent custody rendered moot appeal from California order granting grandmother temporary custody].)

Here, Bae alleged a variety of claims based on the Dealership selling her a vehicle on which the manufacturer's warranty already had begun to run without disclosing that fact. The trial court dismissed the claims based on Bae's failure to allege sufficient facts to state a claim against BMW. While this appeal was pending, the federal district court in New Jersey granted final approval to a class action settlement that released BMW North America and its related entities from all liability for failing to disclose to consumers that the warranty on allegedly new cars they purchased already had started. Bae is bound by this release because the settlement administrator sent Bae notice of the settlement and she neither objected to the settlement nor opted out of it. Accordingly, we dismiss Bae's appeal as moot because her claims would be barred even if we concluded the trial court erred in either sustaining the demurrer or denying Bae leave to amend. Moreover, Bae did not file any opposition to the motion and we may treat that failure as "a consent to the granting of the motion." (Cal. Rules of Court, rule 8.54(c); see *Sharp v. Union Pacific R.R. Co.* (1992) 8 Cal.App.4th 357, 361.)

III

DISPOSITION

The motion to dismiss is granted. BMW shall recover their costs on appeal.

ARONSON, ACTING P. J.

WE CONCUR:

IKOLA, J.

THOMPSON, J.

6