Filed 10/19/15  P. v. Presley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LADENA GAIL PRESLEY,<br><br>Defendant and Appellant. | C076241<br><br>(Super. Ct. No. 11F01887) |

Defendant Ladena Gail Presley was prosecuted for making false statements to obtain welfare benefits.  She represented that her children lived with her when they were actually living with defendant's grandmother.  A jury convicted defendant of welfare fraud (Welf. & Inst. Code, § 10980, subd. (c)(2)) and perjury (Pen. Code, § 118, subd. (a)).  The trial court sentenced defendant to a split term of one year in county jail

1

and two years of mandatory supervision.  As part of her mandatory supervision, the trial court ordered defendant to have no contact with her children or her grandmother and to follow "any reasonable instructions" given by her probation officer.

Defendant now asserts various constitutional and statutory challenges to the validity of those orders, along with ineffective assistance of counsel in failing to object to the orders.  She also claims the clerk's minutes included fines and fees not pronounced by the trial court.  However, two days after defendant's opening brief was filed, the trial court entered an order vacating the contested conditions, fines, and fees.  The Attorney General notified us of this development in her respondent's brief and asserts that defendant's contentions are moot.  The Attorney General asked us to take judicial notice of the trial court's order modifying the mandatory release conditions.  We treated the request as a motion to augment the record and granted the motion.  Defendant did not file a reply brief or any opposition to the Attorney General's motion.

A case is moot when the decision of the reviewing court cannot have any practical impact and cannot provide the parties any effectual relief.  (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214.)  When no effective relief can be granted, an appeal is moot and it will be dismissed.  (*Ibid.;* see *Feder v. Lahanier* (1962) 200 Cal.App.2d 483, 485 [" ' "The duty of this court . . . is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions . . . .  It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the [responding party], an event occurs which renders it impossible for this court, if it should decide the case in favor of [petitioner], to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." [Citations.]' [Citations.]"].)

The trial court already gave defendant the relief she seeks on appeal.  The trial court's order is valid, as the trial court retains jurisdiction to modify a term of mandatory

2

supervision during the term of supervision.  (Pen. Code, § 1203.3, subd. (a).)  Because we can give defendant no relief, defendant's appeal must be dismissed as moot.

DISPOSITION

The appeal is dismissed.

_____/S/_____
Mauro, J.

We concur:

_____/S/_____
Blease, Acting P. J.

_____/S/_____
Duarte, J.